## Harrold *et al. versus* Lane.

Under proceedings in partition, land of a decedent was sold by order of the Orphans' Court to one of the heirs. On ejectment for its possession by the purchaser, the defendant, another of the heirs, gave evidence that there had been an arrangement made that it should be purchased for four of the heirs, that she paid the purchaser as part of the purchase-money a sum which, with her interest in the estate, would more than pay her one-fourth. *Held,* that such evidence was sufficient to establish a resulting trust, unless negatived in the belief of the jury.

ERROR to the Court of Common Pleas of *Westmoreland county*.

Ejectment by Henry Lane against Bennett Lane and Elizabeth Harrold.

Christopher Harrold died intestate, seised of the land in dispute and another tract, leaving a widow and ten children, of whom Catharine, the wife of Henry Lane, the plaintiff, and Elizabeth Harrold were two. The land was sold under proceedings in partition in the Orphans' Court. Tract A to Henry Lane for $1701, which sale was confirmed February 19th 1862, and tract B to

[Harrold *v.* Lane.]

Jacob Harrold for $775. There was evidence that a parol arrangement was made between Henry Lane, Elizabeth Harrold and two others of the heirs, to buy the property jointly, and that Elizabeth paid Lane $240, for which he gave her this receipt:—

"Received, February 20th 1862, of Elizabeth Harrold, the sum of two hundred and forty dollars, to be accounted for in a settlement of the real estate of C. Harrold, deceased.

HENRY LANE."

Her share in the whole estate amounted to $289, which with the money paid Lane was more than enough to pay for one-fourth of the land. Her share of the money was offered to her by the administrator who sold the land, but she refused to receive it, alleging that she was part owner of the land. The deed was made in the fall of 1864, but not acknowledged until the spring of 1865.

Under these facts Elizabeth Harrold took defence for one-fourth part of the land in dispute. The court charged the jury, that the evidence was insufficient to sustain the defence, and directed a verdict for the plaintiff; this instruction was the error assigned.

*H. D. Foster*, for plaintiff in error.

*Laird & Marchand*, for defendant in error, cited Barnet *v.* Dougherty, 8 Casey 371; Kellum *v.* Smith, 9 Id. 158; McBarron *v.* Glass, 6 Id. 135; Robertson *v.* Robertson, 3 Watts 32; Deitzler *v.* Muhler, 1 Wright 85; Hogg *v.* Wilkins, 1 Grant 67; Soles *v.* Hickman, 8 Harris 180.

The opinion of the court was delivered, January 7th 1867, by

READ, J.—This was an ejectment for a tract of land in South Huntingdon township, in which the defendant, Elizabeth Harrold, took defence on the trial for one undivided fourth part of the land in dispute.

Christopher Harrold died seised of two tracts of land, intestate, leaving a widow and ten children, viz., Philip, Joseph's heirs, John, Henry, Jacob, David, Elizabeth the defendant, Sarah, Margaret and Catharine, married to Henry Lane, the plaintiff.

Under proceedings in partition the administrator, John Truxal, sold under an order of the Orphans' Court one of the tracts, marked "B," for $775, to Jacob Harrold, and part marked "A," to Henry Lane, the plaintiff, for $1701. The sales were confirmed 19th February 1862, but no deed was made and delivered to the purchaser, Lane, until March 1865.

The defendant Elizabeth Harrold, one of the heirs, alleged that

[Harrold *v.* Lane.]

Henry Lane her brother-in-law purchased the land for himself as to one-fourth, and in trust for the residue in fourths for David Harrold, Jacob Harrold and herself, and she proved by David Harrold and other witnesses, that there was such a parol arrangement on the day of sale, which was carried into effect by Lane becoming the purchaser, and that on the 20th of February 1862 she paid to him in part of the purchase-money $240, for which he gave a receipt in these words:—

" Received, February 20th 1862, of Elizabeth Harrold, the sum of two hundred and forty dollars, to be accounted for in a settlement of the real estate of C. Harrold, deceased.

HENRY LANE."

This, with the net proceeds of the sales of the tracts in the hands of the administrator amounting to $289, of which her share of tract A was $180, and which Lane had really in his own hands, paid the whole purchase-money of her one undivided fourth part of the tract now in dispute. The parties were brothers, sister and brother-in-law, who acted as the agent of the defendant in the purchase of the one undivided fourth part, and occupied in regard to her a fiduciary relation of a very peculiar character. This evidence, if believed, was sufficient to establish a resulting trust for her of an undivided one-fourth part of the tract in dispute for which she took defence. It is true that there were witnesses contradicting portions of the testimony on the part of the defendant, but that made it the duty of the court to submit the case to the jury with proper instructions, and not to take it entirely away from them, saying, " upon the whole we think the evidence insufficient for that purpose, and direct a verdict for the plaintiff."

In this there was error, for there was sufficient evidence on the part of the defendant to establish a resulting trust, unless negatived in the belief of the jury by the evidence on the part of the plaintiff.

We have not thought it necessary to notice some additional matters tending to strengthen the defendant's case, as this may be the subject of another trial.

Judgment reversed, and *venire de novo* awarded.