Rogers v. Rogers.

ROGERS v. ROGERS, *Appellant.*

1. **Trust in Lands, Evidence to Establish.** In order to es-lish by parol a trust in lands the evidence must be so cogent as to leave no room for reasonable doubt in the mind of the chancellor.

2. **Frauds : TRUSTS.** Frauds and trusts are not within the statute of frauds.

3. **The evidence** in this case held insufficient to entitle defendant to affirmative relief.

*Appeal from Carroll Circuit Court.*—HON. JAMES M. DAVIS, Judge.

AFFIRMED.

*Hale & Sons* for appellant.

(1) Appellant seeks to redeem the land sued for by reason of the fraud practiced upon him by plaintiff. In such case this court will review the evidence. *Gill v. Clark*, 54 Mo. 418 ; *Gillespie v. Stone*, 70 Mo. 505. (2) Fraud is defined to be a surprise, trick, cunning, dissembling and unfairness used to cheat another. Resulting trusts growing out of fraud can be established by parol, and will be enforced by courts of equity, and the agreement by plaintiff to buy in the property and allow defendant to redeem it is not within the statute of frauds. *Rose v. Bates*, 12 Mo. 50, 51 ; 17 Reporter, 120 ; *Damscrhaeder v. Thias*, 51 Mo. 100; *Cason v. Cason*, 28 Mo. 47 ;

*Cloud v. Ivie*, 28 Mo. 578 ; *Graves v. Fulsome*, 16 Mo. 543 ; *Gillespie v. Stone*, 70 Mo. 505. Fraud will avoid a contract if it can be shown that if it had not been employed the contract would not have been made. *Armstrong v. Winfrey*, 61 Mo. 354. The court ought to have given an instruction declaring the legal effect of plaintiff's deeds, and failure to do so is reversible error. *Hunt v. Railroad*, 75 Mo. 254, and cases cited. The answer charges that plaintiff agreed to reconvey to defendant, upon the latter's paying the debt, and, in the absence of the record, showing specifically whether or not the contract was in writing, the court will presume that it was valid and in writing. *Wildbahn v. Robidoux*, 11 Mo. (Houck) bottom of top page 419. If the plaintiff would rely on the statute of frauds, he should have set it up in his reply. Not having done so he cannot interpose it as a defence to defendant's answer. *Farrar v. Patton*, 20 Mo. 83, and cases cited. Such a defence can only be made under plea and not by demurrer or by objection to testimony. *Sherwood v. Saxton*, 63 Mo. 79 ; *Gardner v. Armstrong*, 31 Mo. 335. (3) The plaintiff's witnesses do not deny that the property was bid in by plaintiff at one-fourth of its value. This court, in *Gillespie v. Stone*, 70 Mo. 515, uses this language : "In cases of this sort a great disparity between the market value of property and the price at which it is bought, has a very material bearing with a court of equity in reaching conclusions, where evidence on the main points is inconclusive."

*J. H. Wright* for respondent.

The trial court sitting as a jury found the issues of fact in favor of respondent and this court will not review that finding. 51 Mo. 233 ; 50 Mo. 44 ; 50 Mo. 105 ; 50 Mo. 461 ; 58 Mo. 546. If there is any evidence to support the verdict, or if there is any conflict in the evi-

Rogers v. Rogers.

dence, the verdict will not be disturbed. 50 Mo. 206 ; 50 Mo. 535 ; 56 Mo. 479 ; 63 Mo. 84. The law requires that in this class of cases the evidence should be clear and overwhelming in favor of the trust. 46 Mo. 423 ; 60 Mo. 575 ; 1 Wend. 625 ; 1 Johns. Ch. 582. In the absence of fraud by the purchaser in sales of this sort, a parol agreement by him and the mortgagor, allowing the latter to redeem, will not avail : Such agreement must be in writing. 29 Mo. 166 ; 39 Mo. 71 ; 20 Mo. 296. Whilst a trust may exist without a writing, it must be proved by writing. Hence the parol evidence touching said parol agreement was illegal and should have been excluded by the trial court. 55 Mo. 533 ; 73 Mo. 115 ; 31 Mo. 75 ; R. S., 1879, sec. 2513 ; 9 Am. Dec. 256 ; 6 Wend. 228 ; 97 U. S. 624 ; 45 N. Y. 589 ; 41 Wis. 100 ; 2 Story's Eq., sec. 1201 a. And whilst it may be that a clear case of a resulting trust might be proved by parol, the evidence must be conclusive and beyond a reasonable doubt. 46 Mo. 423 ; 60 Mo. 575 ; 1 Wend. 625 ; 1 Johns. Ch. 582.

SHERWOOD, J.—I. Respecting the defence set up in defendant's answer to plaintiff's action of ejectment, that defendant, by a previous agreement with plaintiff, was to be permitted to redeem his land bought by his own brother, the plaintiff, at a sale under a deed of trust, it is only necessary to say that the testimony on the part of the defendant is offered to establish by parol a trust in his favor in the land sold, thereby constituting plaintiff his trustee. The testimony would rather seem to preponderate in favor of the plaintiff ; but granting it to be equally balanced it would be far too inconclusive to warrant a decree in favor of defendant; for the rule is that in order to establish by parol a trust in lands, the testimony must be so cogent as to leave no room for reasonable doubt in the mind of the chancellor. *Johnson v. Quarles*, 46 Mo. 423 ; *Forrester v. Scoville*, 51 Mo.

268; *Ringo v. Richardson.* 53 Mo. 385; *Kennedy v. Kennedy,* 57 Mo. 73.

II.   Relief of the character prayed by defendant has been granted by this court in cases of this sort, "on the foot of the fraud," since frauds and trusts are not within the statute of frauds.   *Ross v. Bates,* 12 Mo. 30 *; Grove's Heirs v. Fulsome,* 16 Mo. 543 ; *Damschroeder v. Thias,* 51 Mo. 100.   But notwithstanding this it would be contrary to all precedent to grant relief based on testimony so lacking in probative force as that offered by defendant, especially when considered in connection with the countervailing testimony offered on the part of the plaintiff.

Therefore, judgment affirmed.   All concur.