RICHARDSON, *Administrator of* SIMPSON, *Appellant*, v.
CHAMPION *et al.*

### Division One, April 1, 1898.

**Resulting Trusts**: STATUTE OF FRAUDS: MORTGAGOR. When the purchase price of land is paid by one party at the time of the purchase and the legal title taken in the name of another, a resulting trust arises in favor of the one who pays the consideration, which the statute of frauds permits to be enforced. And while the resulting trust is not usually established if the money is not paid by the one to the other until after the title is taken in his name, yet if the property was purchased at a trustee's sale under a parol agreement with the mortgagor that the other would buy in the property in his own name for the benefit of the mortgagor, and reconvey it to him on the payment of the debt, which was afterward made and retained by the purchaser, he will be held to be a trustee for the benefit of the mortgagor, and the statute of frauds does not prevent the enforcement of the agreement.

*Appeal from St. Louis City Circuit Court.*—HON.
D. D. FISHER, Judge.

AFFIRMED.

*R. M. Nichols* for appellant.

(1) There is no evidence that the $1,175, or any part thereof, was paid into Simpson's hands before or contemporaneous with the purchase of Simpson in his own name, as charged in the answer, and, therefore, "there was no feoffment without consideration, to result to the use of the feoffor, and there could be no resulting trust." Perry on Trusts, secs. 133, 135; *Kelly v. Johnson*, 28 Mo. 251; *Sells v. West*, 125 Mo. 621. (2) If it could be gathered from the evidence that Simpson and DuBois agreed that Simpson should buy in the property, pay his own money for it, and thereafter convey the property to DuBois upon his repaying

Simpson the money expended, such a contract would be an express trust, and void under the statute of frauds if not in writing, and could not be proven by parol in the face of DuBois' deed to Simpson. *Hammond v. Cadwallader*, 29 Mo. 166; *Taylor v. Von Schraeder*, 107 Mo. 206. (3) If such contract was entered into between Simpson and DuBois, DuBois' present possession is not referable to it and consequently no part performance of the claimed contract. He had possession before the alleged agreement and he continued in possession. His present possession, in the absence of proof that he took possession, under the contract set up in the answer, is referable to his former occupation of the premises. *Emmel v. Hayes*, 102 Mo. 186; *Taylor v. Von Schraeder*, 107 Mo. 228. (4) If such contract was made, payment of $600 as a part, or payment of all the consideration, is not sufficient part performance in itself of a parol contract to convey real estate as will satisfy the statute of frauds. *Parke v. Leewright*, 20 Mo. 85. (5) The testimony conclusively shows that if there was any agreement that Simpson should hold the property in trust for DuBois, it was upon a trust, the object of which was to cover up and conceal his property from the judgment creditors, shown to exist, and such trust being a fraud, it can not be enforced. *Taylor v. Von Schraeder*, 107 Mo. 228; *Larimore v. Tyler*, 88 Mo. 668; *Scudder v. Atwood*, 55 Mo. App. 512.

*Alex. Young, M. C. Brown* and *J. E. & J. F. Merryman* for respondents.

(1) The court having tried the case, sitting as a jury, upon the law and the evidence, and rendered judgment for defendant, this court will not review the testimony. *Hill v. Kingsland*, 131 Mo. 648; *Thies v.*

*Garbe*, 88 Mo. 146; *Parkinson v. Coplinger*, 65 Mo. 290; *Harrison v. Bartlett*, 51 Mo. 170; *Welson v. Railroad*, 46 Mo. 36; *Gould v. Smith*, 48 Mo. 43; *Douglass v. Orr*, 58 Mo. 573; *McHugh v. Meyer*, 61 Mo. 334; *Hammons v. Renfrow*, 84 Mo. 332. (2) Plaintiff failed to show any authority on the part of the trustee to sell and convey the real estate in controversy. It was incumbent on the plaintiff to produce the deed of trust in order that the court might determine as to the authority of the trustee to sell—this he failed to do; but only introduced the trustee's deed to Simpson. The recitals in the deed of the trustee are not evidence to establish the power to make the sale. The deed of trust executed by DuBois could only establish the power to sell. The recitals in the trustee's deed are *prima facie* evidence that he complied with the power and authority given in the original instrument, and no more. *Vail v. Jacobs*, 67 Mo. 130; *White v. Stevens*, 77 Mo. 452; *Clarkson v. Stanchfield*, 57 Mo. 573; *Chapman v. Daugherty*, 87 Mo. 617. (3) The answer of defendant sets up an agreement made between Jeptha H. Simpson and the defendant, DuBois, by the terms of which Simpson before the sale made under the deed of trust, that Simpson was to purchase the real estate at the trustee's sale and take a deed to himself and thereafter hold the premises for the sole use of the defendant, DuBois, and in pursuance of said agreement, Simpson did purchase the real estate at said sale, and took the deed to himself for the benefit of defendant, DuBois, Simpson paying the purchase money, and in pursuance to said agreement DuBois did pay Simpson the full amount of the purchase money paid by Simpson. That defendant continued to remain in possession of the premises, holding the same in his own right, and not as the tenant of Simpson. Plaintiff takes the position that the agreement not being in writing, is within

the statute of frauds and void. The case of *Rose v. Bates*, 12 Mo. 30, is decisive. *Heirs v. Fulsome*, 16 Mo. 543; *Peacock v. Nelson*, 50 Mo. 256; *Damschroeder v. Thias*, 51 Mo. 100. (4) In *Murry v. Freeman*, 44 Mo. 522, the court says, "the fraudulent conveyance can not be impeached by the administrator, and he is bound by the action of the deceased." *Perry v. Calvert*, 22 Mo. 361; *McLaughlin v. McLaughlin*, 16 Mo. 242.

BRACE, P. J.—On the first day of March, 1890, Stafford DuBois, one of the defendants, being the owner and in possession of lot number 11 in block number 2 of the first division of the Rankin estate in city block 2225, fronting cn Leonard avenue in the city of St. Louis, executed a deed of trust of that date by which he conveyed said lot to Leo Block in trust to secure the payment of a promissory note for $700 therein described. On the eighteenth of June, 1892, the said trustee in pursuance of the provisions of, and by virtue of the power in him vested by said deed of trust, offered said property at public sale, and Jeptha H. Simpson became the purchaser thereof for the sum of $1,175 and received the trustee's deed therefor of the same date. Afterward, in February, 1893, the said Simpson died, and the appellant, W. C. Richardson, became the administrator of his estate. On the twenty-second of April, 1893, the said administrator by an order duly entered of record, was by the probate court ordered to take charge and possession of the real estate of said deceased, and to rent the same for a period not exceeding two years, and to collect the rents thereof for the purpose of paying off the debts of said deceased, to the payment of which the court found the personal property inadequate. Afterward, on the eleventh day of August, 1893, the administrator instituted this suit in the St. Louis circuit court. The

petition after first reciting the said order of the probate court, was in the common form of a petition in an action in ejectment. The defendant Champion was a tenant of the said DuBois. DuBois defended the suit and in his answer; after denying all the allegations of the petition, except that plaintiff was in charge of the estate of said Simpson as administrator, recited the title aforesaid of the said deceased, averred that plaintiff claimed under said title, and as a defense thereto charged "that said Simpson bid at said sale and accepted said conveyance, as and for the benefit of defendant DuBois and as his trustee, under and in accordance with an agreement made prior to said sale between said Simpson and defendant DuBois, whereby the said Simpson agreed with the said DuBois to purchase the premises at said sale for said DuBois and to take a conveyance therefor from said trustee to himself and thereafter to hold said premises for the sole use and benefit, and as the trustee of said defendant DuBois; that thereupon the said DuBois paid the said Simpson the amount of said purchase money, which money was thereupon paid by the said Simpson to the said trustee, who thereupon executed said conveyance to said Simpson as aforesaid," and prayed the court to adjudge and decree that said DuBois is the owner of said property and entitled to the possession thereof and for such other orders and judgments as may be just and lawful. The plaintiff's reply to this answer was a general denial, a plea of the statute of frauds, and a further plea that if said real estate was in fact conveyed to the said Simpson to be held in trust for the said DuBois, that it was so conveyed for the purpose of hindering, delaying and defrauding the creditors of DuBois.

On the evidence the court in substance found that the property was bought in by Simpson and paid for with his own money, but that it was so bought and

paid for on account of defendant, and that the amount so paid therefor was afterward refunded to Simpson in his lifetime by DuBois, and rendered judgment in favor of the defendant from which the plaintiff appeals.

The defense set up and tried in this case was an equitable one, addressed to the conscience of the chancellor, consequently the evidence is subject to review by this court on appeal. As both parties claim under the title acquired by Simpson at the trustee's sale, it was not necessary to go back of that title. It appears from the evidence that the sale was made, the money paid by Simpson and the trustee's deed executed conveying the premises to him, on the eighteenth of June, 1892. The evidence tended to prove that in that month, or some time, prior to the thirteenth of July, 1892, the sum of $600 so paid by Simpson on account of this lot was repaid to him by DuBois, and that at the latter date the remainder was settled between them by some payment in cash. After a careful consideration of all the evidence, it seems to us that the only fair inference that can be drawn therefrom is that Simpson bid in the property, paid for it, and took the deed to himself in pursuance of an agreement between him and DuBois that he should do so, and hold the legal title for DuBois until such time as DuBois could repay him the money thus expended and then to be reconveyed to DuBois, which money was afterward repaid to Simpson as aforesaid. Such being the case the question is, is such a contract thus executed on the part of the defendant within the statute of frauds?

It is well settled law that when the purchase money of land is paid by one party, and the legal title taken in the name of another, a resulting trust arises in favor of the party from whom the consideration proceeds, which is not within the statute of frauds, and which will be enforced in a court of equity. *Kelly*

*v. Johnson*, 28 Mo. 249; *Baumgartner v. Guessfeld*, 3 Mo. 37; *Bowen v. McKean*, 82 Mo. 594; *Shaw v. Shaw*, 86 Mo. 594; *Condit v. Maxwell*, 142 Mo. 266; Perry on Trusts [4 Ed.], sec. 126. But as was said by NAPTON, J., in the first case cited: "The relation of trustee and *cestui que trust* in such cases must result from the facts which occur at the time of or anterior to the purchase and can not be created by subsequent occurrences. Hence where an agent is employed to purchase a tract of land and the purchase is made and the title taken in the name of the agent, and no part of the purchase money is paid by the principal at the time of or previous to the purchase, the trust is within the statute of frauds and can not therefore be enforced if its existence is denied by the agent." Hill on Trustees, 97, and cases cited. And this also is well settled law. *Weiss v. Heitkamp*, 127 Mo. 23; *Sell v. West*, 125 Mo. 621; 1 Perry on Trusts, sec. 133. This author lays down the rule in the following language: "The trust must result, if at all, at the instant the deed is taken and the legal title vests in the grantee. No oral agreements and no payments before or after the title is taken, will create a resulting trust unless the transaction is such at the moment the title passes that a trust will result from the transaction;" and by another author as follows: "Where no money is advanced and there is nothing more in the transaction than is implied from the violation of a parol agreement, equity will not decree the purchaser a trustee. A resulting trust of this kind must arise if at all from the payment of the purchase money at the time of the conveyance. If an express agreement is relied upon, it necessarily excludes the idea of any trust arising purely by implication of law. Such a trust will therefore be an express trust and will fall directly within the statute of frauds." Bispham's Prin. of Eq. [4 Ed.], sec. 80.

Upon this principle the appellant contends that the agreement in this case is within the statute. The contention however loses sight of the important fact that at the time this promise was made and relied on by DuBois, he was the mortgager of the property about to be sold, having an equitable interest therein, thus bringing it within another class of trusts, which have been denominated trusts *ex maleficio*, the rule in which applicable to this case is thus formulated in Browne on the Statute of Frauds, section 96a: "Where one party, by virtue of his previous relation to the property, has an equitable interest in it, as for example, the mortgagor of an estate about to be sold under the mortgage, another who has promised to buy it in for the benefit of the party interested, will be treated as a trustee and affected by the mortgagor's equity." This doctrine, supported by the authorities cited, has been the well recognized law of this State for half a century. In *Rose v. Bates*, 12 Mo. 30, decided in 1848, it was said, "The agreement being established, Bates relies upon the statute of frauds to enable him to retain the property thus acquired. But this will not avail him in the present case, it being the peculiar province of a court of chancery to enforce contracts and agreements of this character. The agreement was not that Bates should convey real estate the legal title to which was then in him, without a writing evidencing the agreement; but an agreement that Bates should bid in the property of Dr. Meredith on which the complainant held a mortgage, and hold the same in trust for her benefit, and to be re-conveyed on the payment of his debt. Upon tender to Bates of the amount due him under the agreement, he should in equity and good conscience have conveyed the property to Mrs. Rose. The statute never was designed to aid a party in com-

mitting a fraud, but was intended to prevent fraud, and consequently it can not be invoked to aid a party in committing a fraud." The doctrine announced in this case has since been recognized with approval in numerous cases in this court. *Grove's Heirs v. Fulsome*, 16 Mo. 543; *Slowey v. McMurray*, 27 Mo. 113; *McNew v. Booth*, 42 Mo. 189; *Damschroeder v. Thias*, 51 Mo. 100; *Rogers v. Rogers*, 87 Mo. 257; *O'Fallon v. Clopton*, 89 Mo. 284; *Turner v. Johnson*, 95 Mo. 431; and in the recent case of *Leahey v. Witte*, 123 Mo. 207, was applied and enforced in its most comprehensive scope. While the repayment of the amount of the purchase money by DuBois was not necessary to bring the case within the operation of this rule, it furnished satisfactory evidence of the making of the agreement in connection with all the other circumstances, reenforced the equity, and emphasized the necessity of enforcing it in this case. There was no substantial evidence tending to prove that the agreement was made for the purpose of defrauding the creditors of DuBois. It is true that there were judgments against him on which executions had been issued to satisfy which no property had been found except this, but under one or more of those executions the trustee had been summoned as garnishee, and when the property was sold after so much of the proceeds as was necessary to pay off the mortgage debt had been applied thereto, the remainder was paid into court for his creditors, and distributed to them. There is no evidence tending to prove that the property did not sell for its full value, or that the creditors did or could have realized more from it, than they actually received. The judgment of the circuit court is affirmed. All concur.