BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1914.

---

GEORGE A. SHELTON et al., Respondents, v. EDNA
HARRISON et al., Appellants.

**Springfield Court of Appeals, June 13, 1914.**

1. **TRIAL BY JURY: Right of: Enforcng a Trust: Equity: Jury
   Trial Denied.** An action to establish a resulting trust in pro-
   ceeds derived from the sale of certain land purchased with the
   money of plaintiffs by defendant's husband, deceased, the title
   to which was taken in his name instead of plaintiffs, though
   a suit to recover a judgment for money only, was nevertheless
   one in equity and defendants were not entitled to a jury trial.

2. **TRUSTS: Establishment: Equity.** The establishment of trusts
   and the enforcement of trust relations is one' of the ancient
   grounds of equity jurisprudence.

3. **EQUITABLE PROCEEDINGS: Parties to: Who are Proper.**
   In equity suits every person having any material interest, legal
   or beneficial, in the subject-matter, is properly made a party
   regardless of whether the interests of the parties be joint
   or several and it is immaterial whether they be joined as co-
   plaintiffs or brought in as defendants. The object is to settle
   the whole controversy and have the decree binding on all hav-
   ing an interest therein.

182 Mo. App.]           (404)

4. **TRUSTS: Establishing and Enforcing: Who May be Parties.**
All persons may join in a suit to establish and enforce a trust who have similar interests arising out of the same trust, and who are asking the same relief, although their interests are not joint, and defendant may insist that all such persons be made parties in order that the controversy be settled in one litigation.

5. **TRUSTS: Resulting: Express: Proof of Each.** A resulting trust may be proven by parol evidence but an express trust can only be proven by a writing.

6. **———: Real Estate: When it Exists.** A trust in real estate exists whenever the legal title is in one person and the equitable or real title is in another, that is, when the title is in one person and the ownership in another.

7. **DEFINITIONS: Trusts: Trustee: Cestui Que Trust.** A trust is a relation between two persons by virtue of which one of them (the trustee) holds property for the benefit of the other (the *cestui que trust*).

8. **TRUSTS: Purchasing Real Estate: Price Paid by One, Title in Another: Resulting Trust Prima Facie.** Where one pays the purchase money for land and the title is conveyed to a stranger, a trust prima facie results in favor of the party who paid for the land.

9. **———: Purchase of Real Estate: Price Paid by One: Title in Another: Consent: Effect.** The fact that the party who furnished the money for the purchase of land directed or consented that the title thereto be placed in another to be held by him in trust does not make the trust an express one rather than a resulting one.

10. **———: Express Trust: Failing to Establish by Parol Evidence: When Resulting Trust Declared.** Where an express trust, sought to be proven by parol evidence, is not materially different from the resulting trust implied by law from the facts, on the failing of the express trust for want of a writing evidencing same, the resulting trust will be declared.

11. **DEFINITIONS: Trusts: Express Trusts.** An express trust is one which defines and limits the uses and purposes to which certain property shall be devoted, and defines the duties of the trustee as to its control, management and disposition.

12. **TRUSTS: Resulting Trusts: Arise Under Statutes, When.** A resulting trust arises as a matter of law, whether in accordance with or contrary to the intentions of the parties, whenever the purchase price of real estate is paid by one person and the title is taken in another's name. (Citing Sec. 2868 and 2869, R. S. 1909.)

13. ———: ———. **Arises How.** A resulting trust never arises in the hands of one who is the real owner of the property but is impressed on the property by the very act and at the time of vesting the legal title in him; thus, it cannot arise by the act or parol agreement of one party who both pays the consideration and takes the title in himself nor by any such act or agreement subsequent to the conveyance.

14. ———: ———: **Real Estate Purchased with Borrowed Money.** A resulting trust arises where property is purchased with funds which a party furnishes and the title is taken in the name of another and it is sufficient that credit is given or the money borrowed and subsequently paid.

15. ———: ———: **Duty of Trustee: Dry or Passive Trust.** A resulting trust which may be established by parol is always a passive or dry trust, a mere holding of the title for the benefit of another. The trustee is under no duty or responsibility as to its management or control or disposition, except to convey to the *cestui que trust* or at his direction.

16. ———: ———: **Establishment: Case.** The members of an association contributed money to purchase a fruit farm. The title was taken in the name of the defendant's husband, since deceased. There was no evidence of any express agreement that such title should be taken in his name or that a corporation should be formed and the property transferred to the corporation. There was no express trust, but a resulting trust in favor of those who contributed and it was proper to allow same to be established by parol evidence.

Appeal from Jasper Circuit Court, Division No. Two.
—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*T. D. Steele* and *Hugh Dabbs* for appellant.

(1) It appears by the allegations in the petition that plaintiffs, having no joint interest in the subject matter, that their alleged interests are separate and independent and that if there is any liability it is several and not joint liability. There is a separate and distinct interest of each one pleaded and for different amounts and the action is or should be one at law for conversion or *assumpsit.* Hence there is clearly a

misjoinder of causes of action and of parties plaintiff. Neither party depends on the right of another in order to recover. R. S. 1909, Secs. 1731, 1732, and 1733; McNear v. Williamson, 166 Mo. 369-70; Bowman v. Branson, 111 Mo. 363; Cross v. Williams, 72 Mo. 580; Bliss on Code Plead., Secs. 61 and 63. (2) There can be no implied or resulting trust where there is an express contract or an express trust as the facts in this case disclose. Suits v. Taylor, 20 Mo. App. 173; 15 Enc. Law (2 Ed.), 1078; Thompson on Corporations, Sec. 441; 10 Cyc. 266, 385; Shelby v. Crow, 137 Mo. App. 466. (3) Under the Statutes of Missouri express trusts need not be created in writing, but must be proved by writing, signed by the party who created the same. R. S. 1909, Sec. 2868; Lowe v. Ewing, 31 Mo. 75; Murlock v. Murlock, 156 Mo. 431; Crawley v. Crafton, 193 Mo. 431. (4) When the parties intend to create an express trust no resulting trust will result from their conduct. Green v. Cates, 73 Mo. 115; Heil v. Heil, 184 Mo. 665. (5) An express trust cannot be established by parol evidence. Hillman v. Allen, 145 Mo. 638. (6) Verbal admissions of deceased persons as to resulting trusts should never be received except upon clear, strong, unequivocal and well-corroborated testimony. A mere preponderance is insufficient. Ringo v. Richardson, 53 Mo. 385. (7) In order to prove a resulting trust it must be established by testimony so clear, strong and unequivocal as to banish every reasonable doubt from the mind of the chancellor respecting the existence of such doubt. Mead v. Robertson, 131 Mo. App. 185; Curd v. Brown, 148 Mo. 82.

*Mahew, Sater & Gardner* for respondents.

(1) This is a suit in equity and while the judgment sued for is a money judgment, the process of reaching that judgment necessarily involves the finding and establishing of a trust. Hence, this case has its cog-

nizance peculiarly in equity. Appellant misconceives the rule of pleading in equity cases. It is a fundamental principle in equity practice that all persons materially interested either legally or beneficially in the subject matter of the suit shall be made parties to it, either as plaintiffs or as defendants, so that there may be a complete decree which shall bind them all. Cook v. Basom, 164 Mo. 599; Pomeroy Remedies and Rights, Sec. 248; Phillips v. Hardenburg, 181 Mo. 475; Leyden v. Owen, 150 Mo. App. 114; Bobb v. Bobb, 76 Mo. 419; Ulrici et al. v. Pappin et al., 11 Mo. 48; Sections 1731, 1733, R. S. 1909. (2) A trust is an equitable right, title or interest in property, real or personal, distinct from the legal ownership thereof. Pratt v. Thornton, 28 Me. 355, 48 Am. Dec. 492; Gough v. Satterlee, 52 N. Y. Supp. 492, 32 App. Div. 33; Dillenbeck v. Pinnell, 96 N. W. 860, 121 Iowa, 201; Bispham's Principles of Equity, Sec. 20. (3) A trust is where the legal estate is in one and the equitable estate in the other. Goodwin v. McMinn, 44 Atl. 1094, 193 Pa. 646; Story's Eq. Jur. 964; Gifford v. Rising, 3 N. Y. Supp. 392; Nat'l Bank v. Ellicott, 1 Pac. 593, 31 Kan. 173; Corby v. Corby, 85 Mo. 388. (4) The trust arose in this case not by agreement, but by operation of law. But, if plaintiffs and A. H. Harrison had verbally agreed that Harrison should take and hold the title, for the benefit of those paying the purchase price, then this attempted parol trust would have been identical with the resulting trust which, in the absence of such parol agreement, the law will declare, and in such case, the attempted parol trust failing, the law will declare a resulting trust. Condit v. Maxwell, 142 Mo. 266, 275; Institution v. Meech, 169 U. S. 398, 18 Sup. Ct. 396; Franklin v. Colley, 10 Kans. 260; Hall v. Congdon, 56 N. H. 279; Harold v. Land, 53 Pa. 268. (5) To constitute an express trust, there must be an explicit declaration of trust, or circumstances which show beyond reasonable doubt that a trust was in-

tended to be created. McKee v. Allen, 204 Mo. 685; Young v. Young, 80 N. Y. 438; Beaver v. Beaver, 117 N. Y. 428-430; Currence v. Ward, 27 S. E. 329, 43 N. W. Va. 367; Newlock v. Newlock, 156 Mo. 438. (6) Where the consideration proceeds from two or more and the title is taken in one, a resulting trust arises in favor of the parties not named in the conveyance in proportion to the relative amount of the consideration paid by each. Baumgartner v. Geisfeld, 38 Mo. 41; Weiss v. Heitjamp, 127 Mo. 31; Clowser v. Noland, 133 Mo. 221; Davis v. Hoffman, 167 Mo. 582; Harrison v. Smith, 83 Mo. 216; Staller v. Coates, 88 Mo. 520; Bank v. Brightwell, 148 Mo. 365; Pundman v. Schoenick, 144 Mo. 155; Mayer et al. v. Bank, 86 Mo. App. 422.

STURGIS, J.—The relief prayed for and granted in this case in the trial court is to declare and adjudge a resulting trust in favor of plaintiffs and against the defendant, Edna Harrison, widow of A. H. Harrison, in the excess proceeds of eighty acres of land in Barry county, Missouri, over and above the amount due on a deed of trust thereon, in default of which the land was sold and such excess proceeds paid to defendant Edna Harrison. The salient facts giving rise to this controversy are that, A. H. Harrison, a route agent of an express company, living at Monett, originated and promoted a scheme having for its object the purchase of this land for a fruit farm with money to be paid in monthly installments by him and his associates, the twelve plaintiffs and the other four defendants. These four defendants failed to make the payments and have disclaimed any interest in the fund in controversy. The execution of the plan contemplated the forming of a corporation after the land was paid for to own and hold the land, in which said Harrison and his associates, these plaintiffs, would be stockholders in proportion to the amounts paid by each. Each stock-

holder was to pay ten dollars per month for twelve months. There were originally other parties in the scheme but a number of these dropped out early. The management of the matter seems to have been left almost entirely to said Harrison, his associates being his friends and for the most part employees of the same express company and who had entire confidence in him. This confidence was in nowise abused by Harrison, as he kept a faithful account of all the money paid to him, applied same to the purpose for which it was paid in as fast as needed and made known in every way the fact that he was acting for his associates. Whenever payment was made to him, he issued a receipt in this form: "Received of —— the sum of ten dollars being the —— monthly payment on the purchase price of land in south one-half of southwest one-quarter of sections 36, 24, 28, to be incorporated and stock to be issued for the amount paid in, when twelve monthly payments of ten dollars each have been paid."

Soon after the first payments were made to him, Harrison purchased said tract of land for $1777.50, paying $200 cash, taking the title in his own name, and executing his notes to the vendor, payable monthly, for $100, each, secured by a deed of trust on said land. Thereafter, he continued to collect the monthly payments from his associates, paid the purchase money notes with interest as same became due each month, until eight notes with interest, in addition to the initial cash payment of $200, were paid, making $1000 and interest two dollars and eighty-five cents paid and invested in this land. Thereupon Harrison died. No one was left to manage or look after the business, monthly payments were no longer paid or collected, default was made in paying the remaining purchase money notes and in due time the deed of trust was foreclosed, the land sold thereunder for $1665, the unpaid notes and expenses of the sale paid out of such proceeds, leav-

ing a balance of $752.42, which was paid over to and received by the defendant, Edna Harrison, wife of said A. H. Harrison, deceased.

At the time of his death, the said A. H. Harrison had collected from each of his associates, the twelve plaintiffs, nine monthly payments of ten dollars each, except that one plaintiff only paid eight of such payments, making a total collected by Harrison of $1070. He had paid out in addition to the $1002.85, paid on the purchase price of the land, other legitimate items for recording, abstract of title, postage, etc., making the total expenditures $1044.95. All these facts are shown by the books and papers kept by said Harrison and he seems to have been careful to keep and leave a complete record of the whole transaction. There is no doubt whatever that the part of the purchase price of the land paid at and prior to Harrison's death was paid with money furnished by these plaintiffs. The defendant, Mrs. Harrison, knew these facts and testified to the same on the witness stand. In fact, after her husband's death, Mrs. Harrison furnished one of the plaintiffs a written statement showing the names of the parties who had furnished money to buy this land and the amounts contributed by each, making a total of $1140, but in making such statement she had figured her husband as paying to himself, which he did on paper, the same monthly payments as his associates, making ninety dollars contributed by him, and overlooked the fact that one plaintiff had taken over the share of another party after two payments of ten dollars each had been made, and thereby credited him with paying only seventy dollars instead of ninety dollars. She also stated therein that there was a balance due on the land of about $800, and referred to the receipts given to the plaintiffs and the deed to her husband for a description of the land. It is also shown and admitted that Mrs. Harrison had some negotiations after her husband's death and

before the sale of the land under the deed of trust and made an offer looking to the purchase by her of the "shares" of the various plaintiffs in this land.

Under the facts of this case there can be no doubt but that these plaintiffs furnished all the money that went into the purchase of this land and that in equity and good conscience such plaintiffs are entitled to the excess proceeds arising from the sale of the same. Appellant seems to concede this by arguing and presenting nothing but cold points of law, which she asserts prevents plaintiffs' recovering in this case. It is, therefore, for this court to determine whether there is any rule of law constituting an absolute barrier to plaintiffs' recovering what is justly theirs.

On the theory that under the pleadings this is an action at law, defendants demanded a jury trial, which was overruled. On the same theory defendants insist here that there is a misjoinder of causes of action and parties plaintiff, in that each party has a separate and distinct interest and entitled to a separate recovery and therefore that each should bring a separate suit. This would be true in an action at law for conversion or assumpsit, but this suit is a suit in equity to establish a resulting trust in the land and its proceeds purchased by A. H. Harrison with the money of these plaintiffs, the title to which was taken in his name instead of the true owners, these plaintiffs. While the judgment prayed for is a money judgment in favor of plaintiffs severally, the process of reaching that judgment involves the finding that the land in question was held by Harrison in trust for these plaintiffs and the following of the proceeds of such land as a trust fund into the hands of Mrs. Harrison, with knowledge on her part of its being a trust fund. The money judgment followed as a necessary consequence because of the establishment of the trust relation existing between the plaintiffs and A. H. Harrison as to this land and that the proceeds thereof arising from the

forced sale under the deed of trust passed into the hands of Mrs. Harrison impressed with such trust relation. Such is the theory of the case both on the pleadings and proof and it is properly one of equitable cognizance. The establishment of trusts and the enforcement of trust relations is one of the ancient grounds of equity jurisprudence.

In equity suits every person having any material interest, legal or beneficial, in the subject-matter is properly made a party regardless of whether the interests of the parties be joint or several and it matters little whether they be joined as co-plaintiffs or brought in as defendants, the object being to settle the whole controversy and have the decree binding on all having an interest therein. [Cook v. Basom, 164 Mo. 594, 599, 65 S. W. 227; Phillips v. Hardenburg, 181 Mo. 463, 475, 80 S. W. 891; Bliss on Code Pleading (2 Ed.), Secs. 73, 74.] In Leyden v. Owen, 150 Mo. App. 102, 114, 129 S. W. 984, the court, speaking through Judge GOODE, said: "It is the policy of equity to bind everybody by the decree in a suit who has any right or interest in the subject or object of the suit . . . 'that all persons materially interested, either legally or beneficially, in the subject-matter of a suit, are to be made parties to it, either as plaintiffs or as defendants, however numerous they may be, so that there may be a complete decree, which shall bind them all.' " In 30 Cyc. 118, it is said: "It is sufficient if all the plaintiffs have some common interest in respect to the subject-matter of the suit and each is interested in the same relief asked by the other or some part of it." And as to who may be a party to a suit to establish and enforce a trust, the same authority says: "All persons may join in a suit to establish and enforce a trust, who have similar interests, arising out of the same trust, and who are seeking the same relief, although their interests are not joint, and defendant may insist that all of such persons be made parties

in order that the controversy may be settled in one litigation." [39 Cyc. 614.] See, also, Breimeyer v. Bottling Co., 136 Mo. App. 84, 94, 117 S. W. 119, and cases there cited. The court therefore properly permitted the case to proceed with all those as parties having a common though not a joint interest in the cause of action and requiring Harrison's children, as well as his widow, to be made parties defendant.

Passing over the point that no guardian *ad litem* answered for certain minor defendants, for the reason that such defendants were of legal age at the time of trial, though not being so when the suit was commenced, we come to the point most earnestly pressed on our attention; that the facts proved show an express trust which is not manifested and proved by a writing signed by the party to be charged, as required by statute, section 2868, Revised Statutes 1909, and that such a trust cannot be proved by parol evidence and hence plaintiffs' cause of action must fail for want of written evidence providing an express trust. It is conceded by both parties that a resulting trust may be proved by parol evidence but that an express trust can only be proved by a writing. [Heil v. Heil, 184 Mo. 665, 84 S. W. 45.]

A trust in real estate exists whenever the legal title is in one person and the equitable or real title in another, or, in a word, when the title is in one person and the ownership in another. "A trust is the beneficial title or ownership of property of which the legal title is in another." [Bispham's Principles of Equity, sec. 20.] "A trust is a relation between two persons, by virtue of which one of them (the trustee) holds property for the benefit of the other (*the cestui que trust*)." [Corby v. Corby, 85 Mo. 371, 388.] The real ownership of property is always in him who pays the purchase price and so where the legal title is in another, such other holds it in trust for him. [Baumgartner v. Guessfeld et al., 38 Mo. 36, 41; Wrightsman

v. Rogers, 239 Mo. 417, 428, 144 S. W. 479; In re Ferguson's Estate, 124 Mo. 574, 582, 27 S. W. 513; Bowen v. McKean, 82 Mo. 594, 598.] This is the universal rule where the parties are strangers to each other, as they are here. It is also the universal rule, founded on justice and right, that when one person pays the purchase money for land and the title is conveyed to a stranger to him a trust prima facie results in favor of the party who paid for the land. [Plumb v. Cooper, 121 Mo. 668, 675, 26 S. W. 678; Meyer Bros. Drug Co. v. White, 165 Mo. 136, 143-4, 65 S. W. 295; Richardson v. Champion, 143 Mo. 538, 543, 45 S. W. 280.] Nor does the fact that the person furnishing the purchase money directs or consents or agrees to the title being placed in another to be held by him in trust make the trust an express one rather than a resulting one. [Richardson v. Champion, 143 Mo. 538, 543, 45 S. W. 280.] The Supreme Court in In re Ferguson's Estate, 124 Mo. 574, 582, 27 S. W. 513, said: "Had the purchase been made by Ferguson, by agreement with Jamison, a resulting trust would have arisen in favor of Jamison in proportion to the amount his debt bore to that of Ferguson. As is said: 'A resulting trust will arise in favor of the parties, not named in the conveyance, in proportion to the amount of the consideration, which they respectively may have contributed." [Hill on Trustees (4 Am. Ed.), 92; Baumgartner v. Guessfeld, 38 Mo. 41, and cases cited.]" And so it is said in Condit v. Maxwell, 142 Mo. 266, 274, 44 S. W. 467, that: "Under these acts of the parties, disregarding the agreement, Thomas Maxwell, the grantee, took the title in trust for the use of H. Clay Sexton and Robert E. Lee and Margaret Sexton, who paid the consideration. The trust in such case does not arise from fraudulent acts of the grantee, but is implied from the fact that the purchase money was paid by the *cestui que trust*. 'This rule,' it is said, 'has its foundation in the natural presumption, in the absence of rebutting circumstances,

that he who supplies the purchase money intends the purchase to be for his own benefit, and not for another, and that the conveyance in the name of another is a matter of convenience and *arrangement* between the parties for collateral purposes, and this rule is vindicated by the experience of mankind.' [1 Perry on Trusts, sec. 126.   See Hall v. Hall, 107 Mo. 101, and cases cited.]   The trust resulted, therefore, notwithstanding the conveyance was made to Maxwell under the *express direction* of H. Clay Sexton.''   And in that case the court further held that the resulting trust arising from the acts of the parties could not be converted into an express trust by proof of an oral agreement, as an express trust must be manifested and proved by a writing, and this is true although: ''Had the agreement been in writing, then the conveyance and agreement would, taken together, have created an express trust; but a failure to put the declaration of trust in writing does not prevent a trust from resulting by operation of law from the acts of the parties.''
This is in accord with what is said by the United States Supreme Court in Smithsonian Institution v. Meech, 169 U. S. 398, 42 L. Ed. 793, 798, as follows: ''The existence of an express agreement does not destroy the resulting trust.   It was not an agreement made by one owning and having the legal title to real estate by which an express trust was attempted to be created, but it was an agreement prior to the vesting of title—an agreement which became a part of and controlled the conveyance; and evidence of its terms is offered, not for the purpose of establishing an express trust, but of nullifying the presumption of an advancement and to indicate the disposition which the real owner intended should be made of the property. In Robinson v. Leflore, 59 Miss. 148, 151, it was said: 'If the facts made out a case of resulting trust independently of the agreement, relief will not be denied because of the agreement; it being well settled that

an invalid agreement cannot destroy an otherwise good cause of action, and this is no less true of resulting trusts than of other legal rights.' [Keller v. Kunkel, 46 Md. 565.]'' It is also said to be the law that where the express trust sought to be proved by parol evidence is not materially different from the resulting trust implied by law from the facts, then on the failing of the express trust the resulting trust will be declared. ''It is true that there are cases in which it has been asserted that, where there is an express trust, there can be no resulting trust. But if by 'express trust' is meant an attempt to create a trust by parol, the statement is clearly too broad. [Institution v. Meech, 169 U. S. 398, 18 Sup. Ct. 396, 42 L. Ed. 793; Hall v. Congdon, 56 N. H. 279; Harrold v. Lane, 53 Pa. 268.] These cases and others establish that an attempted parol trust identical with the resulting trust will not defeat the latter. Why should an attempted parol trust, which differs from the resulting trust, have a more destructive effect, so long as it is invalid, and cannot itself be established?'' [In re Davis, 112 Fed. 129, 132.] In Heil v. Heil, 184 Mo. 665, 676, 84 S. W. 45, Judge GANTT defined an express trust in these words: ''In a word, then, an express trust is one which defines and limits the uses and purposes to which certain property shall be devoted and defines the duties of the trustee as to its control, management and disposition,'' and this is in accord with the definition of Mr. Pomeroy, there quoted from 2 Pomeroy on Equity Jurisprudence, sec. 987, as follows: ''All possible trusts, whether of real or personal property, are separated by a principal line of division into two great classes: Those created by the intentional act of some party having dominion over the property, done with a view to the creation of a trust, which are express trusts; those created by operation of law, where the acts of the parties may have had no inten-

tional reference to the existence of any trust—implied, or resulting and constructive trusts."

A reading of our statutes, sections 2868 and 2869, removes much of the confusion as to what is an express trust and an implied trust. These statutes are generally treated as being a part of the statute of frauds and merely declare what kind of trusts shall be proved by a writing. Reading these two sections together we find that all trust in land must be proved by writing and cannot be established by parol, except that, when a conveyance is made by which a trust results by implication of law, then such rule of evidence does not exist. The conveyance by which a trust results by implication of law is one where the consideration—the purchase price—is paid by a person other than the grantee in the conveyance and in such case the grantee becomes a trustee and the person or persons paying the consideration the *cestui que trust*. As a resulting trust arises as a matter of law from the fact that the consideration is paid by one person and the title taken in another, (Clowser v. Noland, 133 Mo. 221, 231, 34 S. W. 64) such trust arises whether in accordance with or against the intentions of the parties. [Heil v. Heil, 184 Mo. 665, 675, 84 S. W. 45; In Re Ferguson's Estate, 124 Mo. 574, 582, 27 S. W. 513; Richardson v. Champion, 143 Mo. 538, 543, 45 S. W. 280.] It follows that a resulting trust never arises in the hands of one who is the real owner of the property but is impressed on the property by the very act and at the time of vesting the legal title to him (Smithsonian Institution v. Meech, 169 U. S. 398, 42 L. Ed. 793), and so can never arise by the act or agreement of one party who both pays the consideration and takes the title in himself, nor by any act or agreement subsequent to the conveyance. [Stevenson v. Haynes, 220 Mo. 199, 119 S. W. 346; Richardson v. Champion, 143 Mo. 538, 544, 45 S. W. 280.] That credit is given or the money borrowed and subsequently paid is sufficient.

[Clowser v. Noland, 133 Mo. 221, 34 S. W. 64; Weiss v. Heitkamp, 127 Mo. 23, 31, 29 S. W. 709.] A resulting trust, such as may be established by parol, is always a passive or dry trust, a mere holding of the title for the benefit of another, as the law in creating a resulting trust in any one who takes the title without paying the consideration never imposes on such grantee any duties or responsibilities as to its management or control or disposition, except, perhaps, to reconvey to the *cestui que trust* or at his direction. No such active trust can be established by parol, for they are express trusts. [Heil v. Heil, 184 Mo. 665, 676, 84 S. W. 45.] The law, however, only forbids the establishment of the trust features and incidents which are not implied and imposed by the law itself and in a manner different than by proving by parol a conveyance to one person and the payment of the consideration by another. There is no reason, however, where nothing more or different than a resulting trust is sought to be proved and the proof consists in showing that a conveyance was made to one person, who is sought to be held as trustee, and the purchase price paid by another, who is seeking to enforce the trust, that such suit should fail because the parol evidence improperly introduced or sought to be introduced goes further and shows an active or express trust. [Condit v. Maxwell, 142 Mo. 266, 275, 44 S. W. 467; In Re Davis, 112 Fed. 129, 132.]

In this case there is no evidence of any express agreement that the title should be taken in the name of A. H. Harrison; and while it cannot be said that such was against their intentions, because the plaintiffs, who furnished the purchase money, had full confidence in said Harrison and left the whole management of the matter to him, yet, there is no such express agreement shown. Nor was there any duty imposed on said Harrison as to the management or control of the property. In Wrightsman v. Rogers, 239 Mo. 417, 424, 144 S. W. 479, where the facts are not

essentially different from the facts in this case, the court said: "When the agreement was made between the mother and her daughters to buy the lot and build the house, that agreement characterized every act done in its execution, and the payment for the lot was a payment by all in proportion to the amount furnished by each towards the completed enterprise."

In the present case there was nothing sought to be proved and nothing was proved except the facts establishing a resulting trust.

The defendant claims that the evidence shows more than a resulting trust in that, by ingrafting on the trust an agreement to have the land vested in a corporation to be formed by plaintiffs as stockholders, it makes the trust an express one. If this feature of the trust rests in parol then it is invalid and does not defeat a resulting trust which is legally established. But whatever evidence there is of such an agreement is in the written receipts for the money paid by plaintiffs to said trustee and is manifested and proved by a writing signed by him. Besides, we think this relates merely to the method of carrying the trust into execution and we cannot see that it makes it any the less a resulting trust whether the land is to be held for or reconveyed to plaintiffs as individuals, a partnership, or a corporation. [Land & Improvement Co. v. Webster, 75 Mo. App. 457, 463.] When you look to substance and not form there is no difference. Certainly there was nothing to prevent the parties by mutual consent abandoning the corporation form of holding the property either before or after the death of the trustee, and the evidence shows that on Harrison's death all the parties to the transaction abandoned the corporation project and there was neither desire nor movement by any one to carry out this feature of the trust. All the parties interested had before the bringing of this suit and have by the pleadings and the

course of trial abrogated and eliminated this feature of the trust, leaving it a mere resulting trust.

There is no serious controversy but that when the land, impressed as it was by the resulting trust, was sold under the power given by the deed of trust, the excess proceeds were likewise trust funds and as such passed into the hands of Mrs. Harrison with her full knowledge of the trust. The evidence shows that she was executrix of her husband's will and estate and she undertook to say that she received and expended this money in her official rather than individual capacity. As she had full knowledge of the trust character of the fund, we think this fact would not afford any defense. [Thompson v. Renoe, 12 Mo. 157, 160; Davis v. Hoffman, 167 Mo. 573, 582, 67 S. W. 234; Harrison v. Smith, 83 Mo. 210; 3 Pomeroy's Equity Jurisprudence (3 Ed.), Sec. 1080.]

We think defendant is correct in saying that the evidence afforded no basis for the court's finding that one of the plaintiffs, Barrett, did not pay anything on the purchase price of this land. He, however, is not complaining, and, counting the amount paid by him, Harrison received more than he paid out. The error was therefore in defendant's favor in not holding her accountable to plaintiffs for the entire surplus sum instead of awarding to her and her children a portion thereof, on the theory that Harrison paid part of the purchase money.

The error, if any, of having charged defendant with interest, in the absence of any proof of a demand on her for paying over the money, is not preserved in the motion for new trial.

It results that the judgment is affirmed.

*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.