GARRISON, *Plaintiff in Error*, v. YOUNG.

Division Two, June 30, 1896.

Dower, Admeasurement of: PETITION. Under Revised Statutes, 1889, section 4513, providing that a widow shall be endowed of a third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, a petition for the admeasurement of dower which does not allege that the husband was seized of an estate of inheritance is fatally defective.

*Error to De Kalb Circuit Court.*

AFFIRMED.

*Robert A. Hewitt* for plaintiff in error.

(1)   The demurrer did not distinctively specify its grounds and hence should have been overruled. Sec. 2044, R. S. 1889; *Almutt v. Loper*, 48 Mo. 321; *Chelley's Adm'r v. Wells*, 33 Mo. 106; *McClurg v. Phillips*, 49 Mo. 316; *McNair v. Lott*, 25 Mo. 182; *Roberts v. Bartlett*, 26 Mo. App. 611.   (2)   The petition stated sufficient facts to constitute a cause of action.

*William Henry* for defendant in error.

(1)   The petition does not state facts sufficient to constitute a cause of action, for in order to state a cause of action for the assignment of dower it is essential to make every allegation necessary to show that the party through whom the plaintiff claims is dead, that the plaintiff is his widow, and that during the marriage such party was "seized of an estate of inheritance" of the lands.   R. S. 1855, sec. 1, chap. 56, page 668; Vansantvoord's Pld. and Pr. 289; Nash's Pld. and Pr. (Revised 3d) 752; Paterbaugh's Ill. Pld. and Pr. 777.   (2)   The grounds of demurrer to the petition are sufficiently specific.   Bliss on Code Pleadings [2 Ed], secs. 413 and 416; R. S. 1889, sec. 2047; *Morgan v. Bouse*, 53 Mo. 221; *State v. Weeks*, 77 Mo. 498.

BURGESS, J.—This is an action for the admeasurement of dower in a tract of land in DeKalb county Missouri, and damages for its deforcement.

The petition leaving off the formal parts is as follows:

"Plaintiff states that Henry Hunter died intestate at said county of DeKalb, on the twenty-seventh day of December, A. D. 1856, seized of the following described real estate, situate in the county of DeKalb, state aforesaid, viz.:    The west half of the northeast quarter of section number (20) twenty, township number (58) fifty-eight and in range number (30) thirty; that said Henry Hunter left this plaintiff, as his widow, and the following named children (issue of said Hunter and this plaintiff) as his sole heirs, viz.:    Ellen Hunter (who afterward intermarried with N. B. Crawford), Surrilda Hunter, who afterward intermarried with Jefferson P. Crews, and Henry H. Hunter, which said heirs were entitled to said real estate, subject to the life estate of this plaintiff.

"Plaintiff says she intermarried with one Oliver Garrison, September 25, 1859, and continued to live with him, said Garrison, as his wife, till the twenty-seventh day of July, A. D. 1892, at which said last date said Garrison departed this life.

"Plaintiff further states that defendant, William H. Young, has title to aforesaid lands, under and by virtue of deeds of conveyance from said Ellen and husband, Crawford, Surrilda and husband, Crews, and Henry H. Hunter, heirs as aforesaid, subject to this plaintiff's dower therein.

"Plaintiff further says that dower has not been heretofore assigned her.

"Plaintiff says that on the first day of March, 1880, defendant entered into said premises, so alienated by the heirs as aforesaid, and wrongfully deforced plaintiff of dower right therein, and has continued such possession and deforcement ever since, to plaintiff's damage in the sum of six hundred dollars; that the

monthly value of the rents and profits of her said dower estate is ten dollars per month.

"Wherefore, plaintiff prays judgment for six hundred dollars damages for said deforcement, and ten dollars for the monthly rents and profits from the rendition of judgment, and for admeasurement of dower in said lands, if susceptible thereof without too great injury, and if not, plaintiff prays judgment for the monthly rents and profits, as by the statutes made and provided, and for all other relief meet and proper."

Defendant demurred to the petition upon the ground, that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and, plaintiff refusing to plead further, judgment was rendered for defendant. Whereupon plaintiff sued out her writ of error, and brings the case to this court for review.

An objection urged against the petition is, that it does not allege that Henry Hunter, the deceased husband of plaintiff, *was seized of an estate* of inheritance, in the land described in the petition at any time during plaintiff's marriage with him. The averment is, that on the twenty-seventh day of December, 1856, he died *seized* of said land.

Section 4513, Revised Statutes, 1889, provides that: "Every widow shall be endowed of the third part of all the lands whereof her husband, or any other person to his use, was seized of an estate of inheritance, at any time during the marriage, to which she shall not have relinquished her right of dower, in the manner prescribed by law, to hold and enjoy during her natural life."

"The widow has dower in all freehold estates of inheritance, which her issue, if any, could have inherited as heir of the husband, and of which he was seized during coverture." Tiedeman on Real Property, sec.

116. It is not sufficient in order to entitle her to dower, that her husband be seized, that is, possessed of the land, but he must be seized of an estate of inheritance. An estate of inheritance is such an estate as descended to the heirs of Hunter on his decease, and while he may have been seized of an estate in the land in question, it by no means follows that he was seized of an estate of inheritance. The one may, and does often, exist, without the other. If Hunter's interest in the land terminated with his death, plaintiff is not entitled to dower for the reason, that he was not seized of an estate of inheritance.

The averments in the petition do not show that the seizure of plaintiff's husband was of that character which entitles her to dower, and is, we think, fatally defective. The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.