E. H. SKINNER AND DAVID D. McDAVID APPELLANTS, VS. WASH CAMPBELL AND NEIL CAMPBELL, APPELLEES.

APPELLATE  PRACTICE—OBJECTIONS TO TESTIMONY IN  CHANCERY  CAUSES  MUST  BE  EXPRESSLY. RULED UPON BY  CHANCELLOR BEFORE  APPELLATE REVIEW THEREOF.

1. Under the provisions of rule 19, Supreme Court Rules, as. amended on February 17, 1897, no objection will be allowed to be taken in the appellate court to the admissibility or competency of any testimony, oral or documentary, found in the record as evidence in a chancery cause, unless the record affirmatively shows that the objection thereto was presented to the chancellor and expressly ruled upon by him in the court below at or before the final hearing of the cause.   Every paper purporting to be evidence found copied by the clerk into the record in a chancery cause will be presumed by the appellate court to have been offered in evidence in the court below.

Appeal from the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*Liddon & Eagan,* for Appellants.

*Blount & Blount,* for Appellees.

PER CURIAM.

The appellants filed a bill in equity in the Circuit Court of Santa Rosa County against appellees to restrain alleged trespassing by the latter upon a tract of land there situated described as the "Mary Weaver Grant" by the cutting of pine timber thereon, appellants alleging ownership thereof and that it was wild, unoccupied and unimproved land. The defendants (appellees here) in their answer merely denied that the complainants (appellants here) owned the lands, and averred title in themselves. Testimony was taken before a master and reported to the court and on final hearing thereon a final decree was rendered dissolving a temporary injunction theretofore granted and dismissing the bill. From this decree the complainants below have taken their appeal, and assign as error the dissolution of their injunction and the dismissal of their bill. The complainants claimed title through an execution sale had in December, 1867, based on a judgment for $3,000 rendered at the Fall term, 1859, in the Circuit Court of Santa Rosa county in favor of Christian Campbell against Neil Campbell, the father of the defendants the testimony showing that the said judgment debtor, Neil Campbell,

Sr., claimed ownership of said land and exercised acts of possession thereon both anterior and subsequently to the execution sale. It was shown that all of the public records of Santa Rosa county existing prior to 1869, together with its court house in which they were kept, were destroyed by fire during that year. A certified copy of an unacknowledged deed was introduced in evidence made by A. B. Dixon, Sheriff of Santa Rosa county, to Christian Campbell and George G. McWhorter, reciting the said judgment and execution sale thereunder of the "Mary Weaver Grant" with other property. The recovery of judgment by Christian Campbell against Neil Campbell prior to the destruction of the records was also shown by the evidence of two witnesses, R. R. Sheppard who was clerk of the Circuit Court for Santa Rosa county between 1866 and 1869, and Charles E. Campbell, a son of Christian Campbell, and cousin of Neil Campbell, Sr. Neil Campbell, Sr., was hown to be alive when the testimony was taken, but he did not appear as a witness, and no evidence was produced in denial or rebuttal of that in relation to the rendition of the judgment and sale in pursuance of execution thereunder. The defendants claimed under their father, Neil Campbell, Sr. There was also produced in evidence a certified copy of an unacknowledged deed dated April 24th, 1871, from George G. McWhorter and Christian Campbell to William V. Jernigan conveying the same premises conveyed to them by the sheriff under the execution sale. Prior to the hearing of the case a stipulation was entered into between appellants and appellees conceding a perfect chain of conveyances to the premises from William V. Jernigan to complainants. The testimony was taken before a master and objections were interposed before him to the in-

troduction in evidence of the copy of deed from Dixon, sheriff, to McWhorter and Campbell, and to the copy of deed from them to Jernigan, and to the evidence of Sheppard and Charles E. Campbell as to the former existence of the judgment in favor of Christian Campbell against Neil Campbell, Sr., but it does not appear that these objections were urged or pressed either before the master or the chancellor, or that they were ever ruled by either the master or the chancellor, and it must, therefore, be presumed that all of this evidence was considered by the chancellor when the final decree was rendered. At the time of such final hearing on October 15th, 1897, Rule 19 of the Rules of this court, as amended on February 17th, 1897, was in force. This rule provides that "in all chancery causes no objection shall be allowed to be taken to the *admissibility or competency* of any testimony, oral or documentary, found in the record as evidence unless the record affirmatively shows that the objection thereto was presented to the chancellor and expressly ruled upon by him in the court below at or before the final hearing of the cause. Every paper purporting to be evidence found copied by the clerk into the record in chancery causes will be presumed by this court to have been offered in evidence in the court below." There is no doubt that the certified copies of the two deeds mentioned, if admissible and competent, as under the above rule they must be presumed to be, were sufficient to establish a transfer of Neil Campbell, Sr.'s, title to McWhorter and Christian Campbell and their grantee Jernigan, provided there was a valid judgment as a basis for the execution sale. It is likewise true that the other evidence, if admissible

and competent, was sufficient to establish a judgment of the Circuit Court as a basis for the execution sale. It follows, therefore, under the application of the above quoted rule, that the appellants did establish such a title to the premises as to entitle them to an injunction restraining the appellees or defendants from trespassing on the lands, and that the court below erred in dissolving the injunction and dismissing the bill, as there was no sufficient evidence in denial of the title thus shown to have been in complainants to have authorized a decree in favor of the defendants.

The decree of the Circuit Court is reversed with directions to permit the complainants by appropriate proceedings, if they shall be so advised, to establish, if they can, copies of the lost or destroyed originals of the judgment and execution in favor of Christian Campbell against Neil Campbell, Sr., and of the deed by A. B. Dixon as sheriff to Christian Campbell and George G. McWhorter in pursuance of the execution sale made by such sheriff, and of the deed from Christian Campbell and George G. McWhorter to William V. Jernigan, and to defer the final hearing of this cause for a reasonable time to permit such establishment proceedings to be instituted and determined, and in the event such lost or destroyed documents shall be successfully established, that the complainants be permitted to introduce them in evidence herein, and for such further proceedings as may be consonant with equity practice. It is further adjudged that the appellees do pay the costs of this appeal.