PHILLIPS et al., Appellants, v. HARDENBURG et al.

Division Two, May 10, 1904.

1. **STATUTE OF FRAUDS: Demurrer.** A demurrer is not the way to obtain the benefit of the statute of frauds.

2. ————: **Real Estate: Express Trust: Allegation of Agreement to Redeem After Mortgage Sale.** Where the petition alleges that defendant holds land in trust for plaintiff under an agreement to permit him to redeem after mortgage sale, the presumption is that the agreement was a valid one. To avoid the effect of that allegation defendant has two courses: first, he can deny the agreement and insist on proof that it was in writing, if it was necessary that it be written; or he could admit the agreement, and plead the statute of frauds as a defense.

3. ————: **Suit to Redeem Mortgaged Land: Agreement to hold Property in Trust.** The petition charged that the vendee of the mortgagor, and the mortgagee, prior to an advertised sale under a deed of trust, agreed that the vendee might bid in the property and execute his own note for that amount of the unpaid debt; that bystanders knew of this agreement and refrained from bidding; that the land was bid off by the vendee at less than its value; that the trustee wrongfully made the deed to the mortgagee; that he agreed to reconvey to the vendee on the payment of the debt, costs and back taxes; that a

part of these had been paid and had been received by the mortgagee, and all either paid or tendered, and that he refused to carry out his agreement to permit the vendee to redeem. *Held*, that these facts bring the case within the doctrine of trusts *ex maleficio*, and the statute of frauds is no bar to recovery, whether the agreements were in writing or not. The petition stated a cause of action entitling the vendee to redeem.

4. **MISJOINDER OF PARTIES.** All parties interested in the subject-matter of an equity suit are proper parties.

5. ————: **Petition to Redeem: Adjustment of Equities: Vendee of Mortgagor: Dower.** The vendee of the mortgagor and the widow of such mortgagor may properly be joined as plaintiffs in a suit to redeem the land after a foreclosure sale—the widow because of her dower, and the vendee because of his interest in the fee. And if it should turn out that the mortgagee, in violation of his agreement to permit the vendee to redeem, had sold the land to another defendant who was an innocent purchaser, then a court of equity can, as the petition prays, adjust the account with the mortgagee for the vendee's interest in the fee, and that between the mortgagee and the widow for her dower.

6. **DOWER: Allegation: Owner: Estate of Inheritance.** An allegation in the petition that a certain person was the owner of property when he conveyed it by mortgage, is a sufficient allegation that he was seized of an estate of inheritance, and that therefore his wife had dower therein. Besides, the statute does not restrict a widow to dower in her husband's estate of inheritance.

Appeal from Moniteau Circuit Court.—*Hon. Jas. E. Hazell,* Judge.

REVERSED AND REMANDED.

*L. F. Wood* for appellants.

(1) The court erred in sustaining the demurrer and dismissing the bill. The distinction between an equitable mortgage and a trust is that so long as a debt is secured it is an equitable mortgage, and if it secures the payment of money it is a mortgage, no matter what form it may assume. Walse v. Drummit, 21 Mo. 325; Sewell v. Kedler, 13 Mo. App. 189; Schradski v. All-

bright, 93 Mo. 42. (2) Courts of equity early held that an equitable mortgage was not within the statute of frauds and might be proved by parol. Story's Equity Jurisprudence, 231, sec. 1; same, 2 vol., 1018 B., and 1019; O'Neill v. Capelle, 62; Schradski v. Allbright, 93 Mo. 43.

*S. C. Gill* and *R. M. Embry* for respondents.

(1) Plaintiffs' brief indicates that they expect to recover on the theory of an equitable mortgage. Their petition attempts to set forth facts sufficient to constitute an express trust. The words used in the petition determine upon what theory appellants seek redress. Mulock v. Mulock, 156 Mo. 438. (2) If plaintiffs recover on the theory of an express trust, it must be proven by writing; it is equally essential that the petition allege that an agreement to hold property in trust is in writing and signed by the parties affected thereby, or no case is stated. R. S. 1899, sec. 3416; Curd v. Brown, 148 Mo. 92; Rogers v. Ramey, 137 Mo. 607; Hillman v. Allen, 145 Mo. 638; Mansur v. Willard, 57 Mo. 347; Miltenberger v. Morrison, 39 Mo. 72. (3) Plaintiffs' petition fails to state facts sufficient to constitute a cause of action, in behalf of the widow, Nancy Phillips, for dower, for the reason that it is not stated therein that George Phillips, her husband, died seized of an estate of inheritance in the land sought to be impressed with dower. R. S. 1899, sec. 2933; Garrison v. Young, 135 Mo. 203. (4) The understanding between Phillips and Hardenburg, as alleged in the petition, merely gave Phillips the right to repurchase. If this is true, the law deals only with the contract and requires the same to be executed with precision and punctuality. He will not be allowed to redeem after a lapse of almost three years, as shown in the petition. 2 Washburn on Real Property (5 Ed.), secs. 14 and 17; Jones on

Mortgages (5 Ed.), sec. 1917, and secs. 261 and 265; Slowey v. McMurray, 27 Mo. 113; Medsker v. Swaney, 45 Mo. 275. (5) The verbal contract between Phillips and Hardenburg, if any there was, is within the statute of frauds. Neither will continued possession nor part payment of consideration take a sale of land out of the statute of frauds. R. S. 1899, sec. 3414; Rogers v. Ramey, 137 Mo. 598; Emmell v. Hayes, 102 Mo. 186. (6) The reformation of the contract of lease, the effort to establish a trust, and the request to adjudge the dower rights of the widow are distinct and separate matters, affecting distinct and separate parties, and therefore can not be united in the same bill. Clark v. Ins. Co., 52 Mo. 272; Liney v. Martin, 29 Mo. 28; Coal Co. v. Coal Mining Co., 141 Mo. 149; Stalcup v. Garner, 26 Mo. 72; Bliss, Code Pleading, sec. 110; Mullen v. Hewitt, 103 Mo. 639.

GANTT, P. J.—This is an appeal from a judgment sustaining a demurrer to plaintiff's petition. The plaintiffs declining to plead further, final judgment was rendered against them.

"Plaintiff states that on the twenty-fifth day of February, 1888, George Phillips was the owner and in possession of the following described real estate situated in Moniteau county, Missouri, to-wit: all of the northeast quarter of section 31, township 43, range 15, except five acres in the southwest corner of said quarter section, and also except fourteen acres, being a strip on the north side of said quarter section; and all of the northwest quarter of the southeast quarter of said section 31 except ten acres in the northwest corner of the said last described quarter section, containing in all one hundred and seventy-one acres; and being so the owner in possession thereof the said George Phillips joining with the plaintiff Nancy Phillips, who was then and there his wife, by a deed of trust, a certified copy of which is herewith filed, the original not being in possession of plaintiffs

and can not be filed, conveyed said real estate to the defendant, A. D. Snyder, in trust to secure to the defendant, S. W. Hardenburg, the payment of a promissory note made by said George Phillips to the said S. W. Hardenburg and bearing interest at the rate of eight per cent; said note being for the sum of fourteen hundred dollars and being fully described in said deed of trust; that after the making of said deed said George Phillips contracted and sold said land to the plaintiff, Charles M. Phillips, and the said plaintiff, Charles M. Phillips, took possession of said land under said contract with the said George Phillips; and has ever since remained in possession thereof and has made valuable and lasting improvements thereon; that afterwards on the third day of February, 1897, the said George Phillips died intestate, leaving as his sole and only heirs, the plaintiff, Nancy Phillips, his widow, and the plaintiff, Charles M. Phillips, his son, and the defendant, James Nail, a son of the deceased daughter of the said George A. Phillips, and Ed Phillips, George A. Phillips, Elmer Phillips and Lizzie O'Neal, children of the said George A. Phillips, who have affirmed the sale of said real estate made by the said George Phillips prior to his death, and now claim no interest in said land; that, by the terms of said sale, the plaintiff, Charles M. Phillips, assumed the payment of said note secured by said deed of trust, which fact was well known to the defendants, S. W. Hardenburg, and A. D. Snyder, and the said S. W. Hardenburg accepted the plaintiff Charles M. Phillips as payor of the debt secured by the deed of trust; that after the death of the said George Phillips, the defendant A. D. Snyder, in pursuance of the power given in said deed of trust, advertised said real estate for sale, and on the twenty-third day of November, 1897, sold the same; that at and prior to said sale, the plaintiff Charles M. Phillips being the equitable owner of said land subject to said deed of trust, it was mutually agreed between him and the defendants S. W. Harden-

burg and A. D. Snyder, that Charles M. Phillips should bid off the land and execute his own note and deed of trust of whatever might remain due on the said note; that the said agreement was well known to the persons assembled at the said sale and for that reason they did not bid at the sale, whereby said plaintiff Charles M. Phillips was enabled to bid off the land at the sum of sixteen hundred and seventy-five dollars, and the said real estate was at the time worth more than two thousand dollars; that defendant Hardenburg claimed at the time that there was due him on the note sixteen hundred dollars and that the costs would be thirty dollars and that the back taxes on the land which Hardenburg insisted should be included in the amount at which plaintiff Charles M. Phillips bid off the land as aforesaid; that after the sale the said defendant A. D. Snyder, as trustee, instead of conveying said land to plaintiff Charles M. Phillips, by his deed dated November 23, 1897, and recorded in the recorder's office in Moniteau county in deed book No. 16, page 179, conveyed said real estate to the defendant S. W. Hardenburg, and the said Hardenburg agreed to hold the same in trust for the use of this plaintiff, Charles M. Phillips, subject to the payment of said note, costs and back taxes; and upon the payment of said note, costs and back taxes, to convey the said land to the said Charles Phillips; that plaintiff, Charles M. Phillips at the time paid said Hardenburg thirty dollars as costs of said sale; that in truth and in fact the cost of sale was only twenty-five dollars, and five dollars should have been credited on the note; that afterwards in December, 1897, the said Hardenburg being indebted to the plaintiff, Charles M. Phillips, in the sum of fifty-four dollars, said Hardenburg agreed instead of paying the money to this plaintiff or of crediting the same on this note, to use the same in payment of back taxes accrued on the land before the sale, and plaintiff supposes and believes he did use the same in payment of said back taxes. That on the twenty-

ninth of June, 1898, plaintiff, Charles M. Phillips, paid to the defendant S. W. Hardenburg on said note five hogs at the price of twenty-two dollars and fifty cents, and the said Hardenburg agreed to credit same on the said note, and on the twenty-ninth of November, 1898, said plaintiff paid to the defendant, Hardenburg the sum of one hundred and seventy-five dollars on said note.

"That the deed made by the defendant A. D. Snyder, as trustee, to the defendant, S. W. Hardenburg, as aforesaid, is not in the possession or under the control of these plaintiffs and can not be filed herewith, but a certified copy thereof is herewith filed. At the time of said sale, the plaintiff, Charles M. Phillips, was in possession of said real estate and has ever since been in possession thereof.

"That on the third day of April, 1900, the defendant S. W. Hardenburg instituted a suit against the plaintiff Charles M. Phillips in the circuit court of Moniteau county, Missouri, for the possession of said land. The said suit was compromised and settled upon the following terms, to-wit: that in consideration that the plaintiff Charles M. Phillips would pay the costs of said suit and would pay the said defendant Hardenburg the sum of three hundred dollars on said note on or before the first day of November, 1900, and would execute a lease for said land agreeing to give one third of the crops grown on the premises as rent if he should fail to make such payment, the said Hardenburg agreed to accept the three hundred dollars as a part payment on the note and cancel the old note and mortgage and convey the land to Phillips and take his note secured by a deed of trust on the land for whatever might be due on the old note. That a paper purporting to contain the contracts and agreements aforesaid was drawn up by the attorney for S. W. Hardenburg, and signed by the plaintiff Charles M. Phillips and said S. W. Hardenburg. That, at the time of signing the paper, plaintiff

Charles M. Phillips was assured by Hardenburg and his attorney that the rights of said plaintiff in said real estate as hereinbefore set forth were fully protected; that he relied upon said statements of said Hardenburg and his attorney and signed said paper without close examination; that said paper is not in his possession, nor under his control and can not be filed herewith. That the same is in possession and under the control of said defendant, Hardenburg, who has refused to allow the plaintiff Charles M. Phillips to see the same or obtain a copy thereof, and the plaintiff is, for that reason, unable to file a copy thereof.

"Plaintiff further says that before the first day of November, 1900, plaintiff, Charles M. Phillips, tendered to the defendant, S. W. Hardenburg, the three hundred dollars that he had agreed to pay him as aforesaid on said note and that the defendant Hardenburg refused to accept the same. The plaintiff, Charles Phillips, has performed all conditions of the contract with the said Hardenburg, but the defendant Hardenburg has refused and still refuses to convey said land to him, the defendant Charles M. Phillips, or to perform any of the matters agreed by him to be done.

"That on the twenty-ninth day of September, 1900, plaintiff Charles M. Phillips tendered to said Hardenburg the full amount due on said note, the amount of taxes and costs of making conveyances of said land to said plaintiff, Charles M. Phillips, but the said Hardenburg refused to accept same or to convey said land to plaintiff, and the plaintiff, Charles M. Phillips now offers to pay defendant Hardenburg the full amount due him on said note, together with any costs which may have accrued to him and chargeable against this plaintiff.

"That said defendant, S. W. Hardenburg, by his deed dated July 30, 1900, and acknowledged August 7, 1900, and recorded on deed book 17 at page 328 of the records of Moniteau county, conveyed said real estate

to the defendant, E. C. Williams, a certified copy of which deed is herewith filed, the original not being in possession or under the control of plaintiffs, can not be filed herewith. That at the time of making said deed and the purchase of said land by the said E. C. Williams he, the defendant Williams, knew all the facts hereinbefore stated, and that the defendant, S. W. Hardenburg, held the title to said land in trust for the plaintiff Charles M. Phillips. The consideration expressed in said deed is $1,800, although the land is well worth and at the time was well worth the price and sum of $2,500. That the defendant E. C. Williams has not paid anything on said land, but has made to defendant Hardenburg a note for the sum of $1,800 due five years after date, and has also executed to defendant, A. D. Snyder, as trustee, a deed of trust to secure said note.

"Wherefore plaintiff prays that, at the trial of this cause, the defendant, S. W. Hardenburg, be required to produce the instrument of writing and lease aforesaid signed by him and the plaintiff, Charles M. Phillips, as aforesaid, and if said instrument of writing when so produced does not clearly set forth the terms of said contract and lease as hereinbefore set forth, that the same be reformed so that it shall express the contract and agreement of the parties and their intention in so making it, and that the court will adjudge and decree that the said S. W. Hardenburg held the title to said land in trust for the payment of whatever might be due on the note made by George Phillips to him with the remainder for the use of the plaintiff, Charles M. Phillips, and that the defendants A. D. Snyder and E. C. Williams hold the legal and equitable title to said land for the same use, and that upon the payment of the amount due upon the said note from said date of said tender, which the plaintiffs now bring into the court and offer to pay, the court will declare the legal title to said land in plaintiffs, or if the court should be of the opinion that the defendant E. C. Williams is an innocent purchaser

without notice and is not bound by said trust that the court will render judgment against the defendant S. W. Hardenburg for the difference between the actual value of the said land and the amount due on said note, at the time of the conveyance to Williams, and also for the amount aforesaid paid by the plaintiff Charles M. Phillips to the defendant, S. W. Hardenburg, for the costs of the sale aforesaid and for the back taxes on said land, and the amounts he has paid on said note, as hereinbefore set forth, and that plaintiff, Nancy Phillips, have judgment against the defendant S. W. Hardenburg for her dower interest in the difference between the value of the land and the amount due on the note secured by the deed of trust at the time of the sale, and that the court will grant plaintiffs all other proper relief and make such other judgments, orders and decrees in the premises as to the court may seem right and proper.''

The demurrer was as follows:

''Now comes the defendants and demur to plaintiff's petition for the following reasons to-wit:

''First.   Because said petition does not state facts sufficient to constitute a cause of action.

''Second.   Because there is a misjoinder of causes of action, in that several causes of action have been improperly united.

''Third.   Because there is a misjoinder of parties plaintiff, in that said plaintiffs have no unity of interests, or interest in the relief sought, and the different reliefs asked are inconsistent and do not affect both plaintiffs.

''Fourth.   Because the petition is multifarious in that matters distinct and separate are improperly united.''

I.  The objection that the petition seeks to establish an express trust in real estate and, therefore, must be in writing is not tenable, for two reasons.   The peti-

tion alleged an agreement and if it was necessary that it should be in writing the presumption is that it was a valid one, and it was for the defendant to deny the agreement and insist on proof that it was in writing, or admit the agreement and plead the statute of frauds as a defense, but it is clear that a demurrer is not the way to obtain the benefit of the statute of frauds. [Boyd v. Paul, 125 Mo. 9; Wildbahn v. Robidoux, 11 Mo. 659; Devore v. Devore, 138 Mo. 181.]

But we think the defendants have misconceived the purpose of the bill. It is obviously a bill to be allowed to redeem from the deed of trust in the nature of a mortgage executed by George Phillips and wife in favor of defendant Hardenburg. The petition alleges that one George Phillips on the twenty-fifth of February, 1888, was the owner of the real estate in suit and was in possession thereof and executed a deed of trust thereon to secure defendant Hardenburg a note of $1,400 executed by said George Phillips to said defendant Hardenburg; that said George Phillips contracted and sold said land to Charles M. Phillips, his son, one of the plaintiffs, and placed Charles in possession; that on the third of February, 1897, said George Phillips died intestate, leaving certain children and grandchildren and his widow, Nancy Phillips, and that all of said children confirmed said sale to the plaintiff, Charles Phillips, and they claimed no interest in said real estate; that plaintiff Charles Phillips assumed the payment of said note secured by said deed of trust and this was known to defendant Hardenburg and Snyder, the trustee in the deed of trust; that on November 23, 1897, said Snyder, as trustee, advertised said real estate for public sale to satisfy said debt of $1,400 and prior to the date of said sale said Hardenburg and Charles Phillips entered into an agreement whereby it was agreed that said Charles Phillips should bid off said real estate and execute his note for the said debt and that said agreement was known to the persons assembled at the

sale and for that reason they declined to bid at said sale and said plaintiff did bid it off for $1,675, the same being worth at the time $2,000; that after the sale Snyder, the trustee, instead of conveying said land to plaintiff, Charles Phillips, conveyed it to said Hardenburg, but the said Hardenburg agreed to hold the same for the use of plaintiff subject to the payment of said debt, back taxes and costs of said sale; that said Charles had made certain payments on said debt but defendant refuses to convey it; that during all this time said plaintiff was in possession, etc.

It was ruled at an early day in this State that where a creditor purchased lands at an execution sale under an understanding with a mortgagee of the same property that he would on the payment of his debt by the mortgagor convey the property to the latter, equity would compel the performance of such contract. [Rose v. Bates, 12 Mo. 30.]

In Slowey v. McMurray, 27 Mo. 113, Judge Scott, speaking for the court, observed: "If a purchaser, by means of a promise to re-convey to his debtor, should induce a relaxation of the efforts on his part to prevent a sacrifice of his property and thereby obtain it at an under price, or, if the purchaser, taking advantage of that reluctance invariably manifested by those attending public sales to interfere with any arrangement a debtor makes to save his property, should create an impression that he was buying for the debtor, thereby preventing competition, . . . . such conduct would convert the purchaser into a trustee for the benefit of those who were defrauded by his conduct. Such cases go upon the ground of fraud, and courts will relieve without regard to the circumstance, whether the agreement was a written or verbal one, or whether it was supported by a consideration or not." [Berlien v. Bieler, 96 Mo. 491; McNew v. Booth, 42 Mo. 189; Leahey v. Witte, 123 Mo. 207, and cases cited; Richardson v. Champion, 143 Mo. 545.]

Looking to the allegations of the petition then we have the case of the assignee or vendee of a mortgagor making an agreement with the mortgagee, prior to an advertised sale under the mortgage, by which it is agreed that the assignee or vendee may bid in the property and execute his own note for the amount of the unpaid mortgage debt; that bystanders at the sale knew of this agreement and refrained from purchasing; that the land was bid off by the vendee of the mortgagor at less than its value; the making of the deed to the mortgagee; his promise to reconvey upon the payment of the debt, interest, costs of sale and taxes; no evidence that the note was surrendered; the receipt of payment on the debt by the mortgagee from the vendee of the mortgagor and the refusal to permit the vendee to redeem. Here we have the case of one who by virtue of his previous relation to the property has an equitable interest in it and the mortgagee has promised to permit him to buy it in and execute his note for the debt and a subsequent recognition of the relation of creditor and debtor and a refusal to permit a redemption. We think these facts bring it within the doctrine of trusts *ex maleficio* and the statute of frauds is no bar to a recovery, if the facts turn out as alleged.

II. But it is further urged that there is a misjoinder of parties plaintiff, in that Mrs. Nancy Phillips has no interest in common with her son Charles Phillips, the vendee of her husband, and that the petition is multifarious.

It is a general rule of equity pleading that all parties interested in the subject-matter of the suit are proper parties. The purpose of this suit is to redeem the lands in suit from the mortgage of the defendant Hardenburg. Mrs. Nancy Phillips, the widow of George Phillips, the original mortgagor, has the right to redeem her dower interest upon a proper showing, and Charles Phillips, as vendee of his father, George

Phillips, likewise has a right to redeem the fee subject to his mother's dower in the equity of redemption. They both have an interest in the equity of redemption, and a court of equity has ample powers in one suit to adjust the respective rights of each as against the original mortgagee and his vendee without notice, or if it should turn out that the vendee of Hardenburg, the mortgagee, was a purchaser for value and without notice, then to adjust the account as between Charles Phillips, the vendee of George Phillips, as to the equity of redemption in the fee, and his mother as to her dower. Likewise, it was necessary to make the purchaser from Hardenburg a party defendant. Moreover, there is an additional and we might add a conclusive reason why both the widow and her son, the mortgagor's vendee, should unite in the bill to redeem, and that is, the mortgage debt being a unit the representatives of the mortgagor and those holding under or in relation to the estate by reason of their relation to the mortgagor can not compel the mortgagee to accept a part of his debt and relieve the property *pro tanto*—from his lien—and it is but just and proper to permit all persons having a right to redeem from the mortgage to join and have the whole matter determined in one suit. For these reasons we are of opinion the bill is not multifarious.

III. As to the claim that the petition is demurrable because it is not alleged that George Phillips, the mortgagor, was seized of an estate of inheritance and therefore the widow does not show herself entitled to dower, it will be observed that the allegation is that her husband, George Phillips was "the owner and in possession of said real estate and conveyed it by mortgage to Hardenburg."

The word "owner" standing alone signifies absolute owner or owner in fee simple, not a qualified or limited estate in the land. Our statute requires words

to be taken in their plain and ordinary and usual sense and when it is alleged that one is the owner and in possession of land it is to be construed, in the absence of anything to the contrary in the context, to mean the absolute owner or owner in fee simple and the averment must be held sufficient to show title to an estate of inheritance and sufficient to entitle the widow to dower. In Garrison v. Young, 135 Mo. 203, the allegation was merely that the husband died seized, which was construed to mean only "that he was possessed of the land." We think this averment is clearly distinguishable from that.

Moreover, our statute does not restrict a widow to dower merely in an estate of inheritance. Section 2933, Revised Statutes 1899, gives her dower in a leasehold estate for a term of twenty years or more, as in real estate, and for a less term than twenty years it is granted as in personal property.

The demurrer should have been overruled, and the judgment sustaining it is reversed, and the cause remanded for further proceedings.

All concur.