Patrick v. Kirkland et al.—Syllabus.

M. V. PATRICK, AS AN INDIVIDUAL AND AS SURVIVING PART-
NER OF THE LATE FIRM OF JORDAN & PATRICK, APPEL-
LANT, V. ANSEL W. KIRKLAND, HANNON C. KIRKLAND,
BY HIS NEXT FRIEND, CLYDE COE, GREEN B. KIRKLAND,
ERNEST L. KIRKLAND, ISABELLA KIRKLAND, A FEME SOLE,
EVA M. KIDD, JOINED BY HER HUSBAND, BENJAMIN F.
KIDD, MAUD COE, JOINED BY HER HUSBAND, CLYDE COE,
APPELLEES.

1.  A mere parol agreement without consideration to buy in land
    at an execution sale and to reconvey it to the judgment
    debtor upon payment of the purchase price and interest,
    may not create a trust in favor of the judgment debtor.
    But where there is in the transaction an element of equity
    arising from fraud, confidential relation, refraining from
    bidding at the sale or from further protection of the
    property from sale, gross inadequacy of the purchase
    price, the supplying by the debtor of a part of the pur-
    chase money, or otherwise, such circumstances may be
    shown by parol and establish a trust.

2.  Where the lessees for turpentine purposes of land upon
    which an execution has been levied, upon being applied to
    for a loan to prevent a sale of the land orally agree with
    some of the heirs of the execution debtor that the lessees
    will bid in the land at the execution sale, and upon pay-
    ment by the heirs of the amount with interest, the lessees
    would reconvey the land to the heirs, and pay them the
    usual rent for turpentine purposes while the lands were
    held under the sheriff's deed, and the land alleged to be
    worth $3,000 is bought in for $250, and thereafter profit-
    ably used by the purchasers as it had been previously
    used, and where it was agreed that $50 due as rent at the
    execution sale should be credited on the purchase price, a
    trust in favor of the heirs is thereby created which a
    court of equity will enforce.

3. Where there is an agreement to pay interest and no rate is stated the legal rate is implied; and where the time within which an agreement is to be performed is not stated the law implies a reasonable time.

4. Objections taken to testimony before a master should be called to the attention of the court before final hearing and the record should show the rulings thereon if it is desired to have the appellate court consider them; but testimony made incompetent by statute should be disregarded by the trial court and by the appellate court.

5. Where testimony made incompetent by statute appears in a record, and there is also sufficient competent testimony, including that of the defendant, to sustain the decree against the defendant he may not be harmed by the appearance of such incompetent testimony in the record.

6. Facts admitted by the answer need not be proved.

7. Where the competent evidence in the record is sufficient to sustain the decree it will not be disturbed on appeal because incompetent evidence appears in the record.

This case was decided by Division A.

Appeal from the Circuit Court for Jackson County.

The facts in the case are stated in the Opinion of the Court.

*C. L. Wilson,* for Appellant;

*Jno. M. Calhoun,* for Appellees.

49—S C.

WHITFIELD, J.:   The appellees filed a bill in equity in the circuit court for Jackson county against the appellant individually and as surviving partner of the late firm of Jordan & Patrick, composed of J. C. Jordan and M. V. Patrick, in which it is alleged in substance that Green B. Kirkland died intestate leaving seven of the appellees as his heirs; that at his death said Green B. Kirkland was seized and possessed of certain described lands in Jackson county, Florida; that said Ansel W. Kirkland was appointed and qualified as administrator of the estate of Green B. Kirkland, deceased; that afterwards in 1898, one G. H. Dickenson brought an action in the circuit court for Jackson county against said administrator on a judgment obtained against the decedent in the state of Georgia; that during a term of the circuit court a demurrer to defendant's pleas being sustained, and the defendant not pleading over, and consenting thereof, a judgment was entered in said cause against said Ansel W. Kirkland as administrator of Green B. Kirkland; that said judgment is null and void because the consent to its entry is in substance a confession of judgment which an administrator cannot make; that execution issued on said judgment; that said judgment commands the same to be levied on the goods and chattels, lands and tenements of decedent which have come into the hands of said administrator; that the lands levied on were not at the entry of the judgment or the levy of the execution, or at the sale, or at any time, ever in the possession and control of said administrator under an order from the probate court of Jackson county, authorizing him to take possession and control over them; that the lands were sold at sheriff's sale under the execution to Jordan & Patrick for $213.63; that prior to said sale said Jordan & Patrick had leased the land from

some of the heirs for turpentine purposes, and at the sale there was then due by Jordan & Patrick as rent $50.00 which defendant agreed and promised should be credited; that $25.00 was also paid on the debt; that at the rendition of said judgment the personal property of decedent was insufficient to settle the same; that it was the desire of the administrator to allow the lands to remain intact for the heirs, all of whom were then under age except the administrator, who applied to said Jordan & Patrick to loan the estate a sufficient sum to pay off said judgment; this the said Jordan & Patrick agreed to do, but stated that inasmuch as all the heirs were under age except one, they would not convey any title to the real estate or make any security, but that if the heirs would agree that Jordan & Patrick bid the land in at the sale, that if complainants would repay with interest whatever amount Jordan & Patrick had to pay they would reconvey said lands to complainants and pay them the usual rent for the turpentine privileges while they so had them under the sheriff's deed; this was agreed to, and in pursuance thereof said Jordan & Patrick did bid in the lands aforesaid for $250.00, but in fact only paid $213.63, the amount of the judgment and costs; that the cash paid Jordan & Patrick together with the rents, issues and profits of said lands for six years would more than pay the indebtedness; that Jordan is dead and that Patrick as surviving partner of the late firm of Jordan & Patrick holds the lands in trust for complainants; that prior to the institution of this suit complainants have tendered to defendant the full amount due on said loan with interest, but said defendant has wholly failed and refused to convey said lands to complainants; that *profert in curia* is made of all amounts due defendants upon an ac-

counting; that the lands were reasonably worth $3,000.00. The bill prayed for an accounting, a re-conveyance, &c. A demurrer on the ground that the bill does not make out a case against this defendant, or entitle complainants to the relief prayed, was overruled, and the defendant answered, admitting the death of J. C. Jordan, denying that the judgment obtained against the administrator of the estate of Green B. Kirkland, deceased, is void; alleges that said judgment was entered in open court during a term of the circuit court when the court had jurisdiction of the subject matter and the parties, and had the right to enter the judgment; denies the loan of money to pay off said judgment and denies the alleged agreement as to bidding in the land at the sale with leave to pay the amount and receive a re-conveyance; avers that said lands were bought without conditions or agreements with any of complainants; that the money paid to defendant was by agreement credited on an open account and paid on lands sold to one of the complainants; that some of said lands have been sold to one or more of complainants and to other parties; denies a tender of the amount due on a loan prior to the suit; denies that the price paid at the sale was grossly inadequate. The oath to the answer was waived in the bill. Testimony was taken before a master, and the court decreed an accounting and a re-conveyance of the land not previously sold. An appeal was taken by the defendant, who assigns as errors: (1) Overruling the demurrer; (2) failing to pass on objections to testimony; (3) entering decree for complainants; (4) entering decree against defendant.

It is contended under the first assignment of error that the allegations of the bill are too indefinite to show a resulting trust; that there is no allegation of the inter-

est to be paid, or when the land should be reconveyed or redemption made; that no sufficient contract to reconvey is stated.

A mere parol agreement without consideration to buy in land at an execution sale and to reconvey it to the judgment debtor upon payment of the purchase price and interest, may not create a trust in favor of the judgment debtor, but where there is in the transaction an element of equity arising from fraud, confidential relation, refraining from bidding at the sale or from further protection of the property from sale, gross inadequacy of the purchase price, the supplying by the debtor of a part of the purchase money, or otherwise, such circumstances may be shown by parol and establish a trust. Bryan v. Douds, 213 Pa. St 221, 62 Atl. Rep. 828; 5 Am. & Eng. An. Cases, 171; Booth v. Lenox, 45 Fla. 191, 34 South. Rep. 566, Sec. 2452 Gen. Stats. of 1906; Phillips v. Hardenburg, 181 Mo. 463, 80 S. W. Rep. 891. Where, as in this case, the lessees for turpentine purposes of land upon which an execution has been levied, upon being applied to for a loan to prevent a sale of the land, orally agree with some of the heirs of the execution debtor that the lessees will bid in the land at the execution sale, and upon payment by the heirs of the amount with interest, the lessees would reconvey the land to the heirs, and pay them the usual rent for turpentine purposes while the lands were held under the sheriff's deed, and the land alleged to be worth $3,000.00 is bought in for $250.00, and thereafter profitably used by the purchasers as it had been previously used, and where it was agreed that $50.00 due as rent at the execution sale should be credited on the purchase price, a trust in favor of the heirs is thereby created which a court of equity will enforce. See notes and authorities cited in Bryan v.

Douds, 5 Am. & Eng. An. Cases 173; 15 Am. & Eng. Ency. Law (2nd. ed.) 1189; Wright v. Gay, 101 Ill. 233; Parker v. Catron (Ky.), 85 S. W. Rep. 740; 4 Current Law 1734.

The bill alleges that Ansel W. Kirkland applied to Jordan & Patrick to loan the estate of G. B. Kirkland, deceased, a sufficient sum to pay off the judgment obtained against the administrator of 'the estate as such and thereby prevent a sale; that said Jordan & Patrick agreed to make the loan, but stated that inasmuch as all the heirs except one were under age, they could not convey any title or make security, but that if the heirs would agree that Jordan & Patrick bid the land in at the sale, "that whatever amount they had to pay for the same, that if the complainants would repay this amount with interest, that they, the said Jordan & Patrick, would reconvey the said lands to the said complainants and pay them the usual rent for the turpentine privileges while they so had them under said sheriff's deed; this was agreed to, and in pursuance thereof the said Jordan & Patrick did bid in the lands." These, with other allegations, are sufficient as against the stated demurrer. The amount paid by Jordan & Patrick is shown, the interest in the absence of agreement or waiver, is fixed by law, and where no time is agreed on for redemption a reasonable time is implied. It does not appear that the time is unreasonable. The allegations of tender are definite and comprehensive.

The transcript does not show that the objections taken to testimony were called to the attention of the court to be ruled upon. Skinner v. Campbell, 44 Fla. 723, 33 South. Rep. 526; Stockton v. National Bank of Jacksonville, 45 Fla. 590, 34 South. Rep. 897. Testimony made incompetent by the statute, section 1095 Rev. Stats. of

1892, section 1505 Gen. Stats. of 1906, should be disregarded by the trial court and by this court. Tunno v. Roberts, 16 Fla. 738, text 750; Stewart v. Stewart, 19 Fla. 846; Edwards v. Rives, 35 Fla. 89, 17 South. Rep. 416; Withers v. Sandlin, 44 Fla. 253, 32 South. Rep. 829. However, even if the evidence objected to on the ground that witnesses, being parties complainant, could not testify as to communications had with a person then deceased, be wholly disregarded, there is sufficient evidence given by other competent witnesses, including the defendant, upon the controverted points, to sustain the decree. This being so, no harm results to the defendant who is appellant here.

Under the third and fourth assignments of error it is urged that no proof was made of the death of J. C. Jordan, a member of the alleged firm of Jordan & Patrick, and therefore a decree against Patrick alone is erroneous. The answer of the defendant Patrick "admits that said J. C. Jordan died before the institution of this suit." It was then unnecessary to prove the death of J. C. Jordan.

The witnesses, including the defendant, gave evidence sufficient to sustain the decree of the court that the purchase at the sale was made with the understanding between some of the heirs of the execution debtor and the purchasers at the execution sale that the lands would be reconveyed to the heirs upon the payment of the amount of the indebtedness with interest, and was made under circumstances alleged in the bill of complaint, which raised a trust in favor of the heirs, therefore, the decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.