The People *ex rel.* James S. McCullough, Auditor, Appellant, *vs.* The Bennett Medical College, Appellee.

*Opinion filed February 25, 1911.*

1. Taxes—*power to exempt property from taxation is an essential element of sovereignty.* The power to exempt property from taxation, as well as the power to levy taxes, is an essential element of sovereignty, and can only be surrendered or diminished by plain and explicit terms of the statute.

2. Same—*doubts are resolved against exemption of property from taxation.* When words exempting property from taxation are susceptible of two fair constructions, courts will resolve any doubt as to the meaning of the language in favor of the State and hold the property not exempt.

3. Same—*exemption of property "belonging" to medical college does not include its leasehold interests.* A provision in the charter of a medical college exempting from taxes all property, real, personal and mixed, "belonging" to the college, does not extend to property held by the college under a ninety-nine year lease and used in connection with the college, there being no question raised as to whether the leasehold would be exempt if assessed separately.

Auditor's certificate of appeal to review decision of Board of Review of Cook county.

W. H. Stead, Attorney General, and Charles E. Woodward, for appellant.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

The Bennett Medical College filed a petition with the board of review of Cook county alleging that it was seized and possessed of certain real estate for a term of years and praying that said board hold said real estate to be exempt from taxation. It appears from the petition that the Bennett Medical College holds said real estate under a lease for a period of ninety-nine years and that said property is used by the petitioner in connection with its college. The board of review sustained the petition and entered an order exempting from taxation the real estate therein described. The Auditor of State refused to approve said order of exemption, and under the statute has certified the cause to this court and asks that the order of the board of review be annulled and set aside.

No brief has been filed on behalf of the medical college, although it appears that due notice of the pendency of this cause has been served upon the president of the institution.

The Bennett Medical College was incorporated by a special act of the legislature passed and in force March 25, 1869. Section 8 of the charter provides that "all property, real, personal and mixed, belonging to said corporation shall be exempt from all taxes for any and all purposes." The only question arising on this record is whether property held under a leasehold belongs to or is owned by the college, within the meaning of the language above quoted from the eighth section of the charter.

The rule is well established by the decisions of this court and the great weight of authority elsewhere, that the power to exempt property from as well as the power to levy taxes upon property is an essential element of sovereignty and can only be surrendered or diminished by plain and explicit, terms of a statute. (*Presbyterian Theological Seminary v. People,* 101 Ill. 579; *In re Swigert,* 123 id. 267; *Mont-*

*gomery* v. *Wyman,* 130 id. 17; *People* v. *Watseka Camp
Meeting Ass'n,* 160 id. 576; Cooley on Taxation, 54;
2 Sutherland on Stat. Const. 1003, and cases there cited.)
When words exempting property from taxation are sus-
ceptible of two constructions, courts will resolve any doubt
as to the meaning of the language in favor of the State
and hold the property not exempt. The application of the
foregoing rule is illustrated by the case of *Winona and
St. Peter Land Co.* v. *Minnesota,* 159 U. S. 526. In that
case lands granted to a railroad company were exempt from
taxation "until sold and conveyed," and it was held that
such lands ceased to be exempt when the full equitable title
was transferred by-the company though it might retain the
legal title.

In *Lake Shore and Michigan Southern Railway Co.* v.
*City of Grand Rapids,* 102 Mich. 374, (29 L. R. A. 195,)
it was held that a provision in the charter of a railroad
company exempting its property from taxation did not ex-
empt lines of road leased and operated by said company.
This case is very similar to the case at bar. The question
before the Michigan court was whether leased lines of rail-
road "belonged" to the company claiming the exemption
under its charter, and this question was answered in the
negative. The charter of the Bennett Medical College ex-
empted "all property, real, personal and mixed, *belonging*
to said corporation," etc. The word "belonging" means
"to be the property of," and denotes title or ownership.
*Humphreys* v. *Little Sisters of the Poor,* 29 Ohio St. 201;
*Douglas County Agricultural Society* v. *Douglas County,*
104 Wis. 429.

In the Ohio case above cited the statute under which the
exemption was claimed provided as follows: "All build-
ings belonging to institutions of purely public charity, to-
gether with the land actually occupied by such institutions,
not leased or otherwise used with the view to profit," etc.
The institution known as the Little Sisters of the Poor held

and used exclusively for the purposes of the institution certain premises under a lease for a term of years.   The Supreme Court of Ohio held that the premises leased did not belong to the institution, and that the duty to list them for taxation rested upon the owners of the fee, notwithstanding the lease provided that the lessee was to pay the taxes.

In *Montgomery* v. *Wyman, supra,* this court, page 22, said: "That which is exempt from taxation is the property of the institution of learning, which plainly means the property owned by the institution.   The property of and the property owned by an individual or corporation, as commonly used and understood, means precisely the same thing."

*Coombs* v. *People,* 198 Ill. 586, was an action of debt to enforce a personal liability, under the statute, for back taxes on certain real estate which had been forfeited for the non-payment of taxes for several prior years.   The right of action, under the statute, to enforce a personal liability only exists against the owner.   In that case the party sued had only a tax deed to the premises, which he was permitted to show was not valid.   This court reversed the judgment because the proof did not show that Coombs was the owner of the premises.   On page 588 this court said: "The word 'owner,' as applied to land, has no fixed meaning which can be declared to be applicable under all circumstances and as to any and every enactment.   It usually denotes a fee simple estate,"—citing authorities.

The real estate in question did not belong to the Bennett Medical College, within the meaning of section 8 of its charter.   No question is raised as to whether the leasehold interest would be exempt if it had been assessed separately from the fee.

The decision of the board of review will be reversed and set aside.                              *Decision set aside.*