195 So. 432

**CITY OF BIRMINGHAM et al. v. REID.**

**6 Div. 590.**

Supreme Court of Alabama.

Feb. 22, 1940.

Rehearing Granted April 11, 1940.

W. J. Wynn and John S. Foster, both of Birmingham, for appellants.

Amzi G. Barber, Hugh Barber, and W. C. Barber, all of Birmingham for appellee.

412

ANDERSON, Chief Justice.

The bill of complaint charges that the appellee was the "owner" of the land as does the condemnation proceeding of the appellant, made an exhibit to the bill of complaint. While the word "owner" is not a technical term, but one of wide application, yet when applied to land usually and prima facie refers to a fee simple title, not a qualified or limited estate. Phillips v. Hardenburg, 181 Mo. 463, 80 S.W. 891; Slater Trust Co. v. Randolph-Macon Coal Co., C.C., 166 F. 171; People v. Bennett Medical College, 248 Ill. 608, 94 N.E. 110, 140 Am.St.Rep. 237. The bill of complaint was not subject to the demurrer for failing to specify or particularize the source and character of complainant's title to the land.

The bill of complaint charges the city with departing from the power or rights acquired under the condemnation proceedings in that the power given was to dig, construct and maintain a drainage canal or storm water sewer and for public drainage purposes. While the respondents "have constructed and threatened to operate and maintain on the part of the said property described and set forth in Parcel Number One, said water line or pipe line for the purpose of conveying from said Roebuck Springs to said East Lake Park said fresh water" and "that such use was not within the purposes for which said land was condemned," the bill does not charge or show that this was not a partial method of drainage. In otherwise, it does not appear that the overflow from the Roebuck Springs did not pass on or over the land sought to be drained before it was diverted by the pipe in question. This feature of the bill was subject to the respondents' demurrer which the trial court should have sustained.

We think, however, that the bill of complaint contains equity as to the fixation of a disputed boundary under Sections 6439–6441 of the Code of 1923. The bill, in effect, charges a dispute between the parties as to the proper location, one claiming that it is located with the bounds of the condemned property, and the other claiming that the canal is located two feet beyond the northern boundary line of said property.

We are not impressed with the contention of appellants that the bill discloses, on its face, an estoppel. It may show that some little time was taken up in the construction of the canal, but there is no charge that the complainant, Reid, knowingly permitted the work to progress beyond the boundaries of the condemned land.

The trial court did not err in overruling the demurrer going to the equity of the bill or that feature seeking a fixation of the boundaries, but did err in not sustaining the demurrer to that part of the bill charging a departure from the right to drain by the discharge of the water by pipe line from the Roebuck Springs.

The decree of the circuit court is affirmed in part and reversed and remanded in part. Appellee to pay cost of appeal.

Affirmed in part and reversed and remanded in part.

THOMAS, BROWN, and KNIGHT, JJ., concur.

On Rehearing.

ANDERSON, Chief Justice.

The second proposition discussed in the foregoing opinion was in response to the argument of appellants' counsel, but upon a closer examination of the record we fail to find a specific ground of demurrer testing this feature of the bill; and, as the case was reversed only in this respect, the rehearing is granted and reversal in part is withdrawn and the case is affirmed, and appellants are taxed with the cost of the appeal.

Rehearing granted; judgment affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.