21 So.2d 253

### WHITLOW v. MOORE.

5 Div. 395.

Supreme Court of Alabama.

March 1, 1945.

Harry D. Raymon and Henry Neil Segrest, both of Tuskegee, for appellant.

Wm. C. Hare and Powell & Powell, all of Tuskegee, for appellee.

474

SIMPSON, Justice.

Appellant sought to have the court locate and settle the boundary line between the coterminous lands of appellant and appellee and in the bill prayed that a survey be ordered to this end. The proceedings were pursuant to Title 47, § 2 et seq., Code 1940.

Section 4 prescribes: "The judgment (of the court) shall locate and define the boundary lines involved by reference to well-known permanent landmarks, and if it shall be deemed for the interest of the parties, after the entry of judgment, the court may direct a competent surveyor to establish a permanent stone or iron landmark in accordance with the judgment," etc.

After hearing the evidence, adduced orally, the court found that it overwhelmingly sustained the appellee's contention that the true line dividing the respective properties is an old road which had been recognized and acknowledged as such by the parties' predecessors in title for more than forty years.

It was decreed that no survey to establish the true boundary line was necessary; that "said old road is the true and correct boundary line between complainant's land and respondent's land, * * * and that the Sheriff of Macon County, Alabama, without undue delay and within thirty days from the date hereof, mark said boundary line from the point where the center line of said old road intersects the north line of the public road known as Phillips Crossroad, and running northward along the center of said old road to a point therein opposite either the northeast corner of complainant's land, or the northwest corner of respondent's land, whichever corner is reached first, by placing along the center line of said old road at regular intervals landmarks or stakes which shall have distinctly cut out or marked thereon 'Judicial Landmark.' And the Sheriff shall so place his stakes so as not to interfere with that part of the road now in use."

Error is here sought to be predicated (1) upon a refusal of the trial court to order a survey, (2) in finding that the old road was the true boundary line, and (3) in considering as evidence a tracing of an airplane map which portrayed the old road and appellee's contiguous property.

▉ It is, of course, understood that we review the trial court's findings with the usual presumption attending their correctness, the testimony having been taken ore tenus before him. Southern Digest, Appeal and Error, ☜1008(1). So considered, his conclusions must be affirmed.

Without the aid of this rule of presumption, though, the same result would follow, because the evidence strongly preponderated against the appellant's contention and sustained the appellee's claim—as found by the court—"that Jim · Whitlow, Sr., through whom complainant (appellant) holds title to his land, and Reuben Moore through whom respondent (appellee) holds title to his land, established this old road as the true boundary line more than forty years ago; that they agreed that said road was the true boundary line; that the two sons of Jim Whitlow, Sr., William Whitlow and Cicero Whitlow to whom he conveyed the land now owned by complainant and who later conveyed the said land to complainant during the time they owned said land, recognized and accepted said old road as and to be the true boundary line; and that there was no question concerning the line on the part of complainant until just before this suit was filed."

▉ The appellant cannot now assert and maintain in equity a different division line after this long acquiescence, by the previous owners, of the old road as the true one, with possession by them in ac-

·cordance therewith. Turner v. DePriest, 205 Ala. 313, 87 So. 370.

■ Appellee's deed called for 139 acres more or less, but assuming he thought his tract only comprised 139 acres, when it really contained more, actual possession of the land by him and his predecessors in title up to this agreed boundary line for the stated period with the intention to hold and claim it as their own made the possession hostile.

■ Possession is hostile when one holds property as his own, whether by mistake or wilfully. Rountree v. Jackson, .242 Ala. 190, 4 So.2d 743.

If the possessor claims the land as his ·own, his possession is hostile, though he does not suppose he is claiming more than he owns and though such claim is by a ·mistake of fact. Branyon v. Kirk, 238 Ala. 321, 191 So. 345; Duke v. Wimberly, .245 Ala. 639, 18 So.2d 554.

■ The evidence, construed in the light of these authorities, fully sustained the decree.

■ Error cannot be declared for the failure of the trial court to order a survey of the line. This statutory prescription is not mandatory, but directory. The court may direct a survey if "deemed ·for the interest of the parties."

Here the road, separating the properties, was well defined and when properly marked as directed in the decree could result in no confusion or misunderstanding .and would fully suffice to permanently designate the line between the conterminous lands. This is all the law requires. Baldwin v. Harrelson, 229 Ala. 469, 158 :So. 416.

■■ Likewise are we unable to pro·nounce as prejudicially erroneous the consideration by the court of the copy (tracing) of the airplane map.

The appellant argues that it was not properly identified, was never introduced in evidence, and that the court therefore ·erroneously considered it, resulting in the necessity here of ordering a reversal of the decree.

The argument is not persuasive. As to the original map from which the tracing was made, appellee testified that it correctly depicted his land and the line road. The tax assessor's testimony had a similar tendency. This sufficed for the admissibility of the original map. Birmingham Ry., L. & P. Co. v. Long, 5 Ala.App. 510, 59 So. 382. Strict mathematical accuracy in identifying it as correctly portraying the matters shown thereon is not required and much is left to the sound discretion of the trial court. Harrison v. Mobile L. & R. Co., 233 Ala. 393, 404, 171 So. 742.

■ As to the traced copy, the agreement of counsel "that the tracing of the proportionate part of the airplane map, as submitted as Exhibit A by the respondent, is a correct copy" of the original, rendered this tracing likewise admissible.

■ The mere fact that appellee did not make the stereotyped proffer of introducing the map in evidence could not result in prejudicial error because the court considered it. It was presented in open court and identified as correctly depicting the property and was noted as evidence. It was referred to and inspected by the witnesses who testified regarding it. This, together with the agreement of counsel above, satisfied the requisites for admissibility and consideration by the court. The tenor of its proffer was immaterial. It was presented in open court and became evidence—the fact it imported—when properly identified and exhibited before the court. Kabase v. State, 31 Ala.App. 77, 12 So.2d 758, 764(12).

■ Moreover, a decree will not be reversed unless in our opinion after an examination of the entire cause it should appear that the error complained of has probably injuriously affected a substantial right. Roubicek v. Roubicek, Ala.Sup., 21 So.2d 244;[1] State v. M. & O. R. Co., 228 Ala. 533, 537, 154 So. 91. And it is our view that the consideration of the tracing by the court, whether in evidence or not, could not have affected the legal result attained and we cannot, for this, declare a reversal. Williford v. A. C. L. R. R. Co., 216 Ala. 309, 113 So. 44; Roubicek case, supra.

It is our conclusion that the proceedings were free of prejudicial error and that the decree of the trial court was proper.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.

---

[1] Ante, p. 442