114 So.2d 259

### GREIF BROTHERS COOPERAGE CORPORATION

v.

### John F. SAWYER.

6 Div. 384.

Supreme Court of Alabama.

Aug. 20, 1959.

St. John & St. John, Cullman, for appellant.

J. E. Bains and Jack Martin Bains, Oneonta, for appellee.

SIMPSON, Justice.

Appellee, complainant below, and appellant, respondent below, are conterminous landowners. The controversy arose over a disputed boundary line. The evidence was heard ore tenus in the trial court and from a decree establishing the boundary line as contended for by the appellee, appellant has prosecuted this appeal.

Appellant contends that the southeasterly boundary line of its property and the northwesterly boundary of appellee's property is along a public county road as it now exists. Appellant's claim is based upon ad-

verse possession. Appellee claims that the boundary line lies to the northwest of the present county road and along the old public road known as the Sherrell-Whited Road. The land in dispute which lies between the two claimed lines is approximately 14 acres.

The evidence with respect to appellant's claim of adverse possession shows that one of its predecessors in title was one Mrs. Bess Tipton, who held the land from January 11, 1938 to January 13, 1954. Mrs. Tipton testified that she did not know where the lines of the property were and that she did not claim and did not want to claim any land belonging to appellee's predecessors in title.

Mr. and Mrs. R. L. Sawyer who were appellee's predecessors in title obtained title to the land in question in 1944 and conveyed to appellee in 1954. It appears that R. L. Sawyer exercised certain acts of ownership with respect to said land. Evidence was also adduced that at one time there existed a public road known as the Sherrell-Whited Road and that this road was the boundary line between the properties. In 1944, however, a new road known as the public county road was built which did not follow the Sherrell-Whited roadway.

It thus appears that a question of fact was presented for the trial court's determination as to whether appellant and its predecessors in title were in possession of the disputed tract and whether such possession was adverse. We observe that there was no evidence that appellant and appellee's predecessors in title agreed that the public county road, as it now exists, was the true division line. See Whitlow v. Moore, 246 Ala. 472, 21 So.2d 253. We also observe that the evidence in support of possession to the public county road by appellant's predecessor in title and the evidence with respect to the assent or apparent recognition of said road as the true boundary line by appellee's predecessors in title was in conflict. See Salter v. Cobb, 264 Ala. 609, 88 So.2d 845.

A decree establishing a boundary line between conterminous lands on evidence submitted ore tenus in open court is presumed to be correct; in such a case the trial court's conclusions will not be disturbed unless palpably erroneous or manifestly unjust. Holoway v. Carter, 261 Ala. 51, 72 So.2d 728; Salter v. Cobb, supra. We conclude that the trial court correctly found that appellant did not prove title by adverse possession of the disputed strip. Guy v. Lancaster, 250 Ala. 287, 34 So.2d 499; Salter v. Cobb, supra; Whitlow v. Moore, supra.

The trial court awarded damages to appellee for the cutting of trees on the disputed strip by the appellant. We agree with the trial court that the facts do not show that appellee is estopped to claim such damages. See City of Birmingham v. Reid, 239 Ala. 410, 195 So. 432; Dunn v. Fletcher, 266 Ala. 273, 96 So.2d 257; Jacksonville Public Service Corp. v. Calhoun Water Co., 219 Ala. 616, 123 So. 79, 64 A.L.R. 1550.

We find no error in the decree below.

Affirmed.

LAWSON, GOODWYN, and MERRILL, JJ., concur.